JACKSONVILLE, TAMPA & KEY WEST RAILWAY COMPANY,
APPELLANT, VS. JESSE HUNTER, APPELLEE.

1. The plaintiff sued the defendant railway company to recover the value of a horse killed by the company, the evidence as to whether the horse was killed through the carelessness of the defendant was conflicting, but there was evidence to support the verdict, and the verdict not being clearly against the weight of the evidence, the verdict of the jury will not be disturbed.

2. Where the charge of the court below is objected to for the first time in the Appellate Court, it comes too late.

Appeal from the Circuit Court for Putnam County.

The facts of the case are stated in the opinion.

*J. R. Parrott,* for the Appellant.

*B. F. Roberts,* for Appellee.

MITCHELL, J.   The appellee, plaintiff below, sued appellant railway company for a horse killed by defendant's train, and recovered a judgment for $150, and the case comes before this court upon appeal from the order of the Circuit Court overruling motion for new trial.

The first error assigned is, that the verdict was contrary to law; and in support of this proposition it is insisted that the verdict was not sustained by a preponderance of the evidence, and hence, that it was illegal. The evidence in the case is conflicting, but we are not prepared to say that the preponderance of the evidence is not with the plaintiff. The plaintiff's evidence tends to show that the horse was killed through the negligence of the railway company. The accident occurred near Palatka at a late hour of the night, the moon shining at the time, though not brightly. That the horse ran on the railway track for some distance ahead

of the train, and at the time could be and was seen at the distance of 250 yards. On the other hand, the evidence for the defendant tended to show that the night was dark and foggy, and that the engineer could not see more than 20 feet ahead of his engine. This conflict in the evidence it was the duty of the jury to reconcile, which they did, and found for the plaintiff, and as there was evidence to sustain their verdict, and as there is nothing to induce the belief that they were influenced by other than proper motives in arriving at their conclusion, we can see no ground for disturbing the verdict as being either against law or the evidence.

It is assigned as error that the court below erred in charging the jury that "the proof of the killing made a *prima facie* case for the plaintiff." This objection to the charge is raised for the first time in the Appellate Court, and comes too late. Irvin vs. State, 19 Fla., 872 ; Carter vs. State, 20 Fla., 754: Southern Express Co. vs. Van Meter, 17 Fla., 783 ; West vs. Blackshear, 20 Fla., 457.

This disposes of all the questions raised. The killing of plaintiff's horse by the defendant is not denied, nor is there any question as to the amount of damages awarded by the jury.

The judgment of the court below is affirmed.