FLORIDA EAST COAST RAILWAY COMPANY, *Plaintiff in Error*, v. H. W. HAYES, *Defendant in Error*.

Opinion Filed January 9, 1914.

1. In an action against a railroad company for the wrongful death of a passenger, a declaration containing definite allegations showing the relation of passenger and carrier between the deceased and the defendant, with allgations of the negligence of the defendant in running its train, the particular acts of negligence that caused the death being stated. so that an issue may be made thereon for trial, is sufficient.

2. The provision of section 3147 of the General Statutes authorizing a recovery by the father for the mental pain and suffering by the mother because of the wrongful death of their minor child, is not clearly in excess of the legislative power.

3. Where there is some substantial evidence to support a verdict for one party, a verdict for the other party should not be directed by the court on the ground that a preponderance of the evidence is favorable to the movant.

4. The considerations and legal principles that guide the judicial discretion in directing a verdict and in granting a new trial on the evidence are not the same.

5. The rule established by the statute is that if no evidence is introduced upon which a jury may lawfully find a verdict for one party, a direction may be given to find for the opposite party, but the judge should never direct a verdict for one party, unless the evidence is such that no view which the jury may lawfully take of it favorable to the other party can be sustained.

6. In all cases where there is room for difference of opinion between reasonable men as to the existence of facts from which an ultimate fact is sought to be established, or when there is room for such difference as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not the views of the judge.

7. The duty devolving upon the court in reference to directing a verdict on the evidence may become, in many cases, one of delicacy, and should be cautiously exercised.

8. The statute requires the appellate court to review rulings on motions for new trial when properly presented on writ of error.

9. After a verdict is rendered which is supported by substantial legal evidence, the trial court may porperly grant a motion

for new trial on the ground of the insufficiency of the evidence, when there is just ground for belief that the jury acted through prejudice, passion, mistake or any other cause, which properly should not control them, i. e., that the jury were not governed by the evidence, or where it appears to the court that there is difficulty in reconciling the verdict with the justice of the case and the manifest weight of the evidence.

10.  Where there is conflicting evidence on the issues made and the verdict is not manifestly against the weight of evidence, the court should not interfere and set aside the verdict of a jury.

11.  A preponderance of the evidence means the probative weight, influence, force or power of the evidence as adducd, considered separately and collectively with reference to the issue.

12.  Where the probative force and weight of the testimony and of the circumstances in evidence do not so preponderate against the verdict as to indicate that the jury were not governed by the evidence, the appellate court will not set aside the verdict on the ground of the insufficiency of the evidence.

Writ of error to Circuit Court, Duval County; D. A. Simmons, Judge.

Judgment affirmed.

*Alex St. Clair-Abrams,* for Plaintiff in Error; .

*A. H. King,* for Defendant in Error.

PER CURIAM.—A judgment for the plaintiff rendered in this cause was reversed. Florida East Coast Ry. Co. v. Hayes, 65 Fla. 1, 60 South. Rep. 792.

The action is brought under Section 3147 of the Gen-

eral Statutes of 1906, which gives a right of action for the wrongful death of a minor child, and authorizes a recovery by the father of damages for the loss of service of his minor child, and also "such sum for the mental pain and suffering of the parent or parents as the jury may assess." In three separate counts the declaration alleges in effect that the plaintiff's minor son, aged thirteen years, was a passenger on the defendant railroad company's train; that the defendant stopped its train "suddenly and violently in a careless manner, thereby throwing deceased down from and under said train, by reason whereof deceased was then and thereby instantly killed, by and through the negligence of the defendant in running its said train;" (2) That owing to the crowded condition of the coaches the deceased and a large number of passengers were compelled by defendant's negligence to ride on the platform and step of the coaches; that defendant accepted deceased as a passenger on the platform and steps of one of the coaches; that said train was checked "suddenly and violently thereby causing said train to jolt and surge, whereby deceased was thrown off and down from and under said train and instantly killed by the negligence of defendant in running its said train." (3) That the passengers being crowded as alleged on the platform and steps of said coach on which deceased was riding were caused to surge and push against deceased by reason whereof deceased was forced off of and down from and under said coach and instantly killed by the negligence of defendant in the running of said train." Damages in $50,000.00 were claimed in each count. A demurrer to the several counts was overruled, and a plea of not guilty and special pleas were filed, and issue joined thereon. A motion for compulsory amendment of the first count so as to eliminate a claim of damages for the

mother of the deceased, on the ground that such a recovery is illegal, was denied. A motion for a directed verdict for the defendant on the ground that the preponderance of the evidence shows the defendant to be entitled to a verdict was denied, exception being duly noted. Verdict and judgment for the plaintiff in $12,500.00 were rendered. A motion for new trial was denied, and the defendant took writ of error.

The statute provides that the "railroad company shall be liable for any damage done to persons    *    by the running of the locomotives or cars, or other machinery of such company    *    unless the company shall make it appear that its agents have exercised all ordinary and reasonable care and diligence." "No person shall recover damages from a railroad company for injury to himself    *    when the same is    *    caused by his own negligence." "If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him."

The declaration contains statements showing the relation of passenger and carrier between the deceased and the defendant, with allegations of the negligence of the defendant in running the train, the particular acts of negligence that caused the death being stated so that an issue may be made thereon for trial. This satisfies the essential requirements of a declaration in this class of cases, and the demurrer was properly overruled. Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618.

As it cannot be said that the provision of the statute authorizing a recovery by the father of damages for the mental pain and suffering of the mother caused by the wrongful death of their minor child. in unconstitutional

beyond all reasonable doubt, the motion for compulsory amendment of the declaration was properly overruled. It is competent for the legislature to modify the rules of the common law and to give the mother such a right of recovery; and by empowering the father to recover for the mental pain and suffering of the mother in an action authorized to be borught by him alone for the wrongful death of their minor child, the statute does not deny to the defendant any right or opportunity to interpose any defense applicable to the demand. Nor is the statute wholly arbitrary and unreasonable in authorizing the father to recover damages for the mother in this class of actions, not allowed at common law.

It was not error to deny the motion for a directed verdict for the defendant. Where there is some substantial evidence to support a verdict for one party, a verdict for the other party should not be directed by the court on the ground that a preponderance of the evidence is favorable to the movant.

The considerations and legal principles that guide the judicial discretion in directing a verdict and in granting a new trial on the evidence are not the same.

The rule established by the statute is that if no evidence is introduced upon which a jury may lawfully find a verdict for one party, a direction may be given to find for the opposite party, but the judge should never direct a verdict for one party, unless the evidence is such that no view which the jury may lawfully take of it favorable to the other party can be sustained.

In all cases where there is room for difference of opinion between reasonable men as to the existence of facts from which an ultimate fact is sought to be established, or when there is room for such difference as to the inferences which might be drawn from conceded facts,

the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not the views of the judge.

The duty devolving upon the court in reference to directing a verdict on the evidence may become, in many cases, one of delicacy, and should be cautiously exercised. Rogers Co. v. Meinhardt, 37 Fla. 480, 19 South. Rep. 878. See Hammond v. Jacksonville Electric Co., decided at this term, and authorities cited. The statute requires the appellate court to review rulings on motions for new trial when properly presented on writ of error. Secs. 1693-4 Gen. Stats. of 1906.

After a verdict is rendered which is supported by substantial legal evidence, the trial court may properly grant a motion for new trial on the ground of the insufficiency of the evidence, when there is just ground for belief that the jury acted through prejudice, passion, mistake or any other cause, which properly should not control them, i. e., that the jury were not governed by the evidence, or where it appears to the court that there is difficulty in reconciling the verdict with the justice of the case and the manifest weight of the evidence. It should be a very plain case to justify an appellate court in setting aside the concurrent conclusion of both the jury and the trial court upon the ground that their action was contrary to the evidence or the weight of the evidence. Schultz v. Pacific Ins. Co., 14 Fla. 73, text 94; Tampa Water Works Co. v. Mugge, 60 Fla. 263, 53 South. Rep. 943; Armstrong v. State, 30 Fla. 170, 11 South. Rep. 618; Meinhardt v. Mode, 25 Fla. 181, 5 South. Rep. 672; Miller v. White, 23 Fla. 301, 2 South. Rep. 614; Nickels v. Mooring, 16 Fla. 76. Where there is *conflicting* evidence on the issues made and the verdict is not manifestly against the weight of evidence, the court will not interfere and set aside the

verdict of a jury. Tallahassee R. R. Co. v. Macon, 8 Fla. 299; Bridier v. Yulee, 9 Fla. 481; Huling v. Florida Savings Bank, 19 Fla. 695; Jacksonville, T. & K. W. Ry. Co. v. Hunter, 26 Fla. 308, 8 South. Rep. 450. A preponderance of the evidence means the probative weight, influence, force or power of the evidence as adduced, considered separately and collectively with reference to the issue.

The deceased was a passenger on the defendant's train and was fatally injured by falling under and being run over by the train from which he was alighting. To the passenger, the defendant owed the highest degree of care and diligence in providing safe carriage and delivery at destination. As the death was caused by the running of the railroad company's locomotive and cars, the statute imposes liability unless the company shall make it appear that its agents exercised all ordinary and reasonable care and diligence in the high degree of care due to a passenger under the circumstances, for his safety at the time of the fatal injury. Besides this the burden of showing contributory negligence was upon the defendant. While there is positive testimony that the decedent jumped from the train before it stopped, it does not clearly appear that the jury should have found on the entire evidence that the injury was wholly "caused by his own negligence," within the meaning of the statute so as to preclude a recovery. Nor does the evidence fully establish the contention that negligence of the father in permitting his 13 year old son to be in the train unattended, proximately contributed to the fatal injury. While the decedent may have been negligent in the act of alighting from the car before it stopped, such negligence, not clearly shown to have been the sole cause of the death, is under the statute, not a bar to recovery,

though if contributory negligence be shown, the statute requires the damage to be diminished in proportion to such contributory negligence. The verdict and judgment here reviewed being for just one-half of the amount of the former judgment herein, the jury may have found some contributory negligence on the part of the deceased and diminished the damages accordingly.

The evidence is voluminous and conflicting, but it is sufficient as a legal basis for a finding that the defendant was negligent as alleged in running the train, and that such negligence was a proximate cause of the injury, and consequently there is a legal basis for a verdict of liability. Upon a careful consideration of the entire transcript, it does not appear that the probative force and weight of the testimony and of the circumstances of the injury that are in evidence so preponderate against the plaintiff as to indicate that the jury were not governed by the evidence in formulating their verdict. This being so, the appellate court will not reverse the judgment on the ground of the insufficiency of the evidence. As the statute authorizes a recovery by the father for the loss to him of the 13 year old child's services during minority, and also for the mental pain and suffering of the child's two parents, it is not entirely clear that the amount of the verdict and judgment here reviewed is so grossly excessive as to call for interference by the appellate court.

The other assignments of error, predicated largely upon rulings on evidence and charges given and refused, have been carefully considered; and even if any of such rulings be technically erroneous, they are in view of the entire record, of such a nature as to be harmless, and a reversal of the judgment would not result therefrom; therefore, it is not necessary to discuss such assignments in detail.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.

SHACKLEFORD, C. J., concurring.

I am still of the opinion that Section 3147 of the General Statutes of Florida is unconstitutional for the reasons which I have heretofore expressed, but the statute having been held to be constitutional upon the former writ of error, this becomes the law of the case and I am bound by it.