TAMPA ELECTRIC COMPANY v. MAMIE LYONS, a widow.

185 So. 830.
Division B.
Opinion Filed January 20, 1939.

*Knight & Thompson,* for Plaintiff in Error;

*Zewadski & Pierce* and *Wm. C. McLean,* for Defendant in Error.

PER CURIAM.—This case is here on writ of error to a final judgment in the sum of $3500.00 recovered by the widow of Edward Lyons, deceased, for the negligent death of her said husband. The case went to trial on two counts, and the first count thereof alleged that the defendant negligently failed to cut or turn off the current of electricity in its said wires; the second count alleged that the defendant negligently failed and omitted to cut off the electricity in its said wires after having been notified and requested so to do. The pleas were (a) not guilty; (b) contributory negligence; (c) assumption of risk; (d) the deceased was a trespasser; and other pleas unnecessary to recite. It is contended here that the lower court erred in: (a) overruling and denying defendant's motion for a directed verdict at the conclusion of plaintiff's case; (b) the lower court erred in overruling and denying defendant's motion for a directed verdict at the conclusion of the receipt of all the evidence; (c) the lower court erred in its order in overruling and denying the defendant's motion for a new trial. It will be observed that each of these assignments were decided adversely to the contention of counsel for plaintiff in error, and, broadly speaking, the issue presented for determination here is the sufficiency of the evidence to sustain the verdict. As against the verdict, the evidence does not clearly show proximate contributory negligence to bar recovery.

It is fundamental that the burden of proof by a preponderance of the evidence was on the plaintiff to establish the material allegations of counts one and two of the declaration. We have studied the evidence adduced by the respective parties and conclude that it presented a jury question and was solely within the province of the jury to settle the disputed issues of facts under appropriate charges or instructions from the trial court. This Court has repeatedly held that where there is conflicting evidence on the issues made, and the verdict is not manifestly against the weight of the evidence, the court should not interfere and set aside the verdict of the jury. See Burnett v. Soule, 78 Fla. 507, 83 So. 461; Tallahassee R. Co. v. Macon, 8 Fla. 299; Florida East Coast Ry Co. v. Hayes, 66 Fla. 589, 64 So. 274; Harbeson Lumber Co. v. Anderson, 102 Fla. 731, 136 So. 557.

We have reviewed the charges or instructions of the Court to the jury and fail to find error. From a review of the entire record, a careful consideration of the briefs of the respective parties and after hearing argument by counsel at the bar of this Court, we are of the opinion that the judgment should be affirmed. It is so ordered.

WHITFIELD, P. J., and BROWN, and CHAPMAN, J. J., concur.

TERRELL, C. J., and BUFORD, J., concur in the opinion and judgment.

THOMAS, J., not participating, as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.