51 So.2d 724 (1951)
BRYAN
v.
LOFTIN et al.
Supreme Court of Florida, Division B.
April 6, 1951.
*725 John C. Wynn, Miami, for appellant.
Loftin, Anderson, Scott, McCarthy & Preston and Robert H. Anderson and William S. Frates, all of Miami, and Russell L. Frink, Jacksonville, for appellees.
PER CURIAM.
This is an appeal from a judgment entered upon a verdict directed in defendants' favor in a suit wherein plaintiff sought to recover for her injuries sustained in a railroad crossing collision. This court has many times held that "The power granted to a trial court to direct a verdict during the trial of a cause where sufficient evidence has not been adduced to make out a case should be cautiously exercised so as not to infringe upon the organic right of trial by jury. If the evidence is conflicting or will permit of different reasonable inferences, or if there is evidence tending to prove the issues, it should be submitted to a jury as a question of fact to be determined by it, and not taken from the jury and passed upon by the Court as a question of law." See Saunders v. Lischkoff, 137 Fla. 826, 188 So. 815, and cases therein cited; Moore v. Dietrich, 133 Fla. 809, 183 So. 2; Johnson v. Louisville & N.R. Co., 59 Fla. 305, 52 So. 195, 196. In the case last cited, it was stated that "The court should not direct a verdict for the defendant, unless it is clear that there is no evidence whatever adduced that could in law support a verdict for plaintiff."
We are persuaded that the testimony adduced by the plaintiff, when considered in the light of the foregoing rules and the provisions of Sections 768.05 and 768.06, Florida Statutes 1949, F.S.A., did not warrant the withdrawal of the case from the jury.
The judgment is, accordingly, reversed and the cause remanded.
Reversed and remanded.
SEBRING, C.J., and CHAPMAN, ADAMS and ROBERTS, JJ., Concur.