103 So.2d 672 (1958)
H.O. BUDGEN and E.L. Budgen, Appellants,
v.
Betty Joyce BRADY, a minor, by Vernon L. Brady, her father and next of friend, Appellee.
No. A-91.
District Court of Appeal of Florida. First District.
June 3, 1958.
Rehearing Denied June 30, 1958.
*673 Howell & Kirby, Jacksonville, for appellants.
Adams & Judge, Daytona Beach, for appellee.
WIGGINTON, Judge.
Defendants at trial have appealed from an adverse verdict and judgment entered in a personal injury action in which plaintiffs claimed damages suffered through the negligent operation of defendants' automobile. *674 All assignments of error are directed to the trial court's refusal to grant defendants' motion for directed verdict. There was no motion for new trial and appellants urge that there is a total absence of any evidence of negligence.
The facts established by the evidence show that the injured child, age two and one-half, left her home attired in a checkered dress with pink trim and in the company of her seven and one-half year old sister. The street in front of plaintiff's home was a paved deadend street approximately one-half block in length, with sidewalks on each side, and devoted entirely to residential use. Immediately north of and adjacent to plaintiff's home was a private double driveway. The older sister left plaintiff on the sidewalk in front of her home and crossed the street to play with other children. Shortly thereafter the older sister heard a scream, turned and saw the left front tire of defendant's automobile resting on top of the injured child, the right front wheel being in the aforementioned private double driveway. The older sister then ran to the scene and told defendants' driver to back the automobile off her sister, which was done immediately. This tragic incident occurred in the late afternoon of a clear day. There was no showing that there was any traffic or other form of obstruction at or around the place where the plaintiff was injured. To the contrary, plaintiff's sister, the only on-the-scene witness who testified, stated there was no other traffic or obstruction whatever. Although defendants' driver was present and sworn as a witness at the trial, he departed before the trial was concluded and without offering any testimony. Plaintiff attempted to call this driver as a hostile witness on rebuttal, but he could not be located in or around the courthouse. A part of the driver's deposition, in which he admitted striking the injured child, was offered by plaintiff and admitted in evidence.
As previously stated, there was no motion made for a new trial. The considerations and legal principles that guide the judicial discretion in directing a verdict as distinguished from granting a new trial on the evidence are not the same. The rule governing directed verdicts is that if no evidence is introduced upon which the jury may lawfully find a verdict for one party, the jury may be directed to find for the opposite party.[1] Where there is some substantial evidence to support a verdict for one party, a directed verdict for the other party should not be granted merely because a preponderance of the evidence favors the movant.[2] Furthermore, a party who moves for a directed verdict admits not only the facts proved by the evidence adduced, but also admits every conclusion favorable to the adverse party that the jury might fairly and reasonably infer from the evidence.[3] And, when there is room for a difference of opinion between reasonable men as to the existence of evidentiary facts from which an ultimate fact is sought to be established, or when there is room for such difference as to the inferences which might reasonably be drawn from conceded facts, the court should submit the case to the jury for its finding.[4] It is the jury's conclusion that should prevail in such case, and not the views of the judge.
Included among the reasonable inferences the jury in this case may have properly drawn from the evidence are: defendants' driver, having entered the deadend street on which plaintiff resided, necessarily had to turn around in order to exit; that in attempting to do so he drove off the street and into the private driveway where plaintiff was located, and there struck and injured her.
*675 The law presumes that the prudent motorist will see that which is clearly visible, and will do that which is reasonably necessary to safeguard the life and property of others.[5] The holding of our Supreme Court in Miami Paper Company v. Johnson[6] is indicative of the foregoing duty as applied to children. This was a case in which a truck driver parked his vehicle near a park where children were playing. After making a delivery the driver proceeded around the rear of his truck, looked there and down each side without observing any one near, entered and, without looking to the immediate front or sounding his horn, started forward. Upon proceeding some three or four feet he felt a thud and, on stopping his truck found he had struck and injured a child. In its well reasoned opinion by Mr. Justice Terrell, the Court said: "It is a matter of common knowledge that small children are erratic and unpredictable, that they are liable to take off at any time and in any direction with no concern whatever for their own safety. The drivers of motor vehicles are charged with knowledge of their behavior and are expected to govern themselves accordingly when parking or driving about school grounds, recreation parks, residential communities, trailer parks and other places inhabited by or frequented by children. They are expected to anticipate children about such places and whether or not they exercise reasonable care in doing so is a question for the jury."[7] (Emphasis supplied.) This duty would appear doubly imperative when, as in the instant case, the motorist leaves a public thoroughfare and drives onto the private property of another.
The child in this case was conspicuously attired and was on or near a sidewalk which abutted the entrance to a private driveway. The day was clear and there were no other obstructions to impair the driver's view of the area. The jury, we believe, had the right to find that had defendants' driver been reasonably observant he would have seen the child, or that had he, in fact, seen her he, if reasonably diligent, would have had his vehicle under sufficient control to have avoided injuring her.
We cannot agree with appellants that the facts of this case are such as would call for the application of the rule governing situations in which a child darts into a street from behind or between parked cars or other obstructions so as to create such a sudden emergency that a diligent motorist has no time to act to avoid injury.[8] Nor does it fall within that class of cases wherein a driver causes injury to a child who has by some unknown means come to be in the street and, notwithstanding due care, is discovered only after being injured.[9] There, as in cases of sudden emergency, the most diligent driver has no opportunity to avoid the tragedy.
While appellants have correctly stated the rule governing reliance upon circumstantial evidence, the application for which they contend is improper. When circumstantial evidence is relied on in a civil case to prove an essential fact or circumstance necessary to recovery, the particular inference relied on must outweigh all contrary inferences to such an extent as to amount to a preponderance of all reasonable inferences that might be drawn from the same circumstances.[10] This rule *676 obviously deals with the quantum of evidence necessary to support a verdict, necessarily contemplates the presence of evidence from which contrary inferences might be drawn and consequently precludes the direction of a verdict.
Appellants further contend that "* * * even if the nature of the few circumstances plaintiffs relied on to establish the negligence alleged * * * may by a long stretch be thought to be consistent with a theory which would authorize recovery, it is by no means `as conclusive as is demanded of circumstantial evidence for it is reasonably susceptible of two [indeed more] reasonably equal inferences.'" Our concurrence in this statement by appellants would serve only to corroborate our view that when the evidence is such that conflicting though equally reasonable inferences may be drawn therefrom, a motion for directed verdict is properly denied. If after verdict appellants had taken the position that notwithstanding the presence of evidence, either circumstantial, inferential or otherwise tending to support plaintiff's cause, the inferences relied on by plaintiff do not outweigh all contrary inferences or that the verdict was contrary to the manifest weight of the evidence and the justice of the cause,[11] such contentions could have been properly asserted by a motion for a new trial. This, however, was not done.
The record and evidence before us, and the inferences that could reasonably have been drawn therefrom, are sufficient to justify the jury in finding that defendants' driver was negligent in failing to use that degree of care required of him under circumstances shown to have existed at the time of the injury. This being so, it must be held that the trial court was correct in refusing to grant defendants' motion for directed verdict. Accordingly, the judgment appealed from must be and the same is hereby affirmed.
STURGIS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274.
[2] See Note 1, supra.
[3] Gunn v. City of Jacksonville, 67 Fla. 40, 64 So. 435.
[4] Florida East Coast Ry. Co. v. Hayes, supra note 1.
[5] See Geigy Chemical Corp. v. Allen, 5 Cir., 224 F.2d 110; Walker v. Loop Fish & Oyster Co., 5 Cir., 211 F.2d 777; Flowers v. Indemnity Ins. Co. of North America, La. App., 46 So.2d 776; Scheib v. Ledet, La. App., 57 So.2d 814.
[6] Fla. 1952, 58 So.2d 869.
[7] Miami Paper Co. v. Johnston, supra note 6, 58 So.2d at page 870.
[8] See Klepper v. Breslin, Fla. 1955, 83 So.2d 587; Ehrens v. Miami Transit Co., 155 Fla. 394, 20 So.2d 261.
[9] See Preger v. Gomory, Fla. 1951, 55 So.2d 541.
[10] City of Jacksonville v. Waldrep, Fla. 1953, 63 So.2d 768.
[11] See Florida East Coast Ry. Co. v. Hayes, supra note 1.