PEARSON, Judge.
Plaintiffs, minor children of Edward George Bell, deceased, brought an action against the defendants, Florida Power & Light Company and Southern Bell Telephone & Telegraph Company, for the alleged wrongful death of said decedent. Upon the trial of the cause and at the close of plaintiffs’ case on the issue of liability the trial judge directed a verdict for both defendants. The plaintiffs appeal from the judgment entered and they bring as their only assignment of error to this court the granting of defendants’ motions for directed verdict. As in all such cases, the question presented to this court is whether the evidence when viewed in the light most favorable to the plaintiffs could have supported a verdict for the plaintiffs. Brightwell v. Beem, Fla.1956, 90 So.2d 320. We conclude that there was sufficient evidence to warrant submission of the case to the jury.
Before proceeding further, a matter of procedure may be mentioned. By stipulation of counsel, the court was enabled to rule upon the motions for directed verdict at the conclusion of the plaintiffs’ case on liability without the expense of going through extended testimony upon damages. The greater efficiency of this procedure is obvious and its adoption by the able trial counsel in this case is an indication of the highest sense of responsibility to the court and to their respective clients.
Briefly stated, the evidence before us revealed that the deceased father, Mr. Bell, was employed by Powell Brothers Construction Company. This company was engaged in laying underground telephone cables for the defendant phone company. The accident involved occurred when a crane operated by Powell Brothers came in contact with an energized power line of the defendant power company, Mr. Bell was on the ground guiding a load of sheet piling which was being unloaded from a truck.
Plaintiffs’ theory of liability can be reduced to the simple proposition that both the defendant power company and defendant phone company were notified that a crane would be used at the accident site and that the foreman on the job for the construction company was assured by each defendant that the power line would be de-energized but the defendants failed to de-electrify the line. See Tampa Electric Co. v. Lyons, 136 Fla. 14, 185 So. 830; Tampa Electric Co. v. Getrost, 151 Fla. 558, 10 So.2d 83. Both defendants controvert the matter of notice and each argues the insufficiency of the evidence to establish notice or a promise to de-energize. It would serve no useful purpose to review these arguments. It is apparent that the evidence is susceptible to opposing interpretations. We find simply that the view urged by the plaintiff is tenable, and that if accepted, it is competent to furnish proof that each defendant had received notice a sufficient time before the accident of the foreman’s intention to use cranes under the lines, and that he was led to believe that they would be rendered safe.
The defendant power company contends that even if notice was given and a promise was made to de-energize the wires, it still affirmatively appears from the testimony of plaintiffs’ witnesses that .the failure to de-energize the wires was not the proximate *226 cause of the injury. It is pointed out that responsibility for the accident must rest on those, including the deceased, who knowingly exposed themselves to the apparent danger. In this connection it is argued that the placing of the crane almost immediately beneath the power lines and the raising of the boom to a higher angle than that required under the circumstances constituted the proximate cause of the accident. This position is also tenable, but since under plaintiffs’ view of the evidence, the deceased may have been entitled to presume a condition where the lines would be harmless, i.e., de-energized, we do not find the evidence on this point so conclusive as to preclude the possibility of a sustainable verdict for the plaintiffs.
The defendant phone company contends that even if there should he found some dereliction in failing to deaden the designated span, where the actual construction was to take place, it would not have any proximate causal relationship to the accident, by reason of the fact that the accident did not occur within the span designated. It is true that one of plaintiffs’ witnesses upon cross-examination stated that he had specified a particular span to a representative of the phone company and the power company. It is also true that if we take the meaning of the word span as used by the witness to mean only the wire from one pole to the next, then the accident did not occur between the two poles designated. However, such a construction is drawing too fine a distinction for possible liability of this type and depends for its effectiveness upon the technical meaning of a word which when used outside of technical work has a broader meaning to members of the public. It is entirely possible that a jury composed of lay persons would understand as possibly the testifying witness did, that a promise to deaden the lines on a certain span would include more than the distance between two adjacent poles. It is further recognizable that the foreman may have been justified in assuming that the only way to de-energize the wires between two isolated poles would be to de-energize the line back to a connecting point.
We do not consider the merits of these latter arguments but find that they are more properly addressed to a jury who will judge the facts. For the reasons first set forth the judgment based upon the directed verdict is reversed and a new trial granted as to the liability of each defendant.
Reversed and remanded.
HORTON, J., concurs.
CARROLL, CHAS., C. J., dissents.