139 So.2d 749 (1962)
Bertie GUHMAN, a Widow, for the Use and Benefit of the Travelers Insurance Company, a Corporation, and Bertie Guhman, a Widow, Individually, Appellants,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Appellee.
James A. PILKINGTON, for the Use and Benefit of the Travelers Insurance Company, a Corporation, and James A. Pilkington, Individually, Appellants,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Appellee.
Nos. 61-112, 61-113.
District Court of Appeal of Florida. Third District.
April 10, 1962.
Dean, Adams, Fischer & Gautier, Miami, for appellants.
Brigham, Wright, Goodwin & Dence, Miami, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
PER CURIAM.
The above causes were previously consolidated for briefing and argument.
The appellants, plaintiffs below, seek review of an order directing a verdict for the appellee, defendant below, at the close of plaintiffs' case.
*750 This is another instance where a crane was being utilized in the vicinity of a live power line, resulting in infliction of personal injuries.
It is an established rule that in considering the propriety of a directed verdict for the defendant, the court is required to evaluate the testimony in the light most favorable to the plaintiff, and that every reasonable intendment deducible from the evidence must be indulged in the plaintiff's favor. Rodi v. Florida Greyhound Lines, Fla. 1952, 62 So.2d 355; Brightwell v. Beem, Fla. 1956, 90 So.2d 320.
In reviewing the record on appeal in the instant case in light of the aforementioned rule, there is adequate evidence of negligence to justify submitting the cause to the jury. Bell v. Florida Power & Light Company, Fla.App. 1958, 106 So.2d 224; Ahearn v. Florida Power & Light Company, Fla.App. 1961, 129 So.2d 457. Ordinarily, issues of negligence or contributory negligence comprise questions to be answered by the jury. The record on appeal reveals no evidence sufficient to hold the appellants guilty of contributory negligence as a matter of law. Therefore, this cause will of necessity be one for a jury determination. Saunders v. Kaplan, Fla.App. 1958, 101 So.2d 181; Ahearn v. Florida Power & Light Company, supra.
As this case is to be retried, we feel it necessary to review the other errors urged by the appellants. They contend that the trial court erred in refusing to admit into evidence the following: Testimony of the fact that a Florida Power & Light Company truck arrived on the scene immediately after the accident. Testimony of the general contractor that upon application for a building permit a copy of the building plans was filed with the City of North Miami. Testimony of the general contractor pertaining to the custom and responsibility of the contractor to advise the appellee of necessity for safety services. Testimony relating to safety measures taken by the appellee two days later when the beam was raised into place. The Florida Power & Light Company Practice Manual. The Commercial Engineering Manual. The building permit of the City of North Miami. The pamphlet of the Florida Industrial Commission, indicating practice and procedure whereby contractors are requested to call the appellee for safety services. Further, that the court erred in permitting the amendment of the original style of Bertie Yochim, a widow, to Bertie Guhman. After due consideration to these contentions advanced by the appellants, we find them to be without merit.
As we find that the trial court erred in directing a verdict for the defendant below, it necessarily follows that the court erred in assessing costs against the plaintiffs below. Therefore, for the reasons stated, the judgment appealed from is reversed and the cause remanded for a new trial.
Reversed and remanded.