BARKDULL, Judge.
The appellant, plaintiff in the trial court, appeals a jury verdict in favor of one defendant.
It appears from the record that the appellant was a passenger in a University taxi cab which was proceeding east on N.W. 18th Terrace, Miami, Florida. The appellee, McKenna, was traveling north on N.W. 36th Avenue. These two streets intersect and a collision occurred, wherein the Mc-Kenna vehicle struck the cab in the right rear. Plaintiff instituted suit against both the cab company and McKenna, and the cause was submitted to the jury with an instruction that it find liability for the plaintiff against both defendants or either of them. The jury returned a verdict exonerating McKenna and holding the cab company liable. The only point preserved for review in this appeal was the failure of the trial court to direct a verdict in favor of the plaintiff against McKenna, holding him liable as a matter of law, his testimony having been that he did not see the cab approaching from the left.
Of course, in determining the propriety of the ruling on the motion for directed verdict, McKenna is entitled to all reasonable inferences from the evidence. See: Massaline v. Rich, Fla.App.1962, 137 So.2d 10; Guhman v. Florida Power & Light Company, Fla.App.1962, 139 So.2d *584 749; Alterman Transport Lines, Inc. v. McCahon, Fla.App.1964, 168 So.2d 707. The reasonable inference from the evidence is that the cab was on the wrong side of the street; that it was proceeding twice as fast as McKenna and that the cab driver clearly saw McKenna. The evidence is also susceptible to the view that McKenna was into the intersection first because of the respective speeds and because of certain testimony of the cab driver to the effect that if he had applied his brakes he would have struck McKenna broadside, which infers that rather than applying his brakes he attempted to beat him through the intersection.
We find no error in the trial judge submitting these issues to the jury under the reasonable inferences to be drawn from the evidence. See: Katz v. Bear, Fla.1951, 52 So.2d 903; Budgen v. Brady, Fla.App. 1958, 103 So.2d 672; Housing Authority of Key West v. Joseph G. Moretti, Inc., Fla.App.1960, 119 So.2d 728. To reverse, as urged by the appellant, would require a holding that a driver of a vehicle is negligent as a matter of law when he has his vehicle under control and traveling within the speed limit with the apparent right of way and enters an unmarked intersection because he fails to see a car which is on the wrong side of the road and approaching from the left.
For the reasons stated above, the final judgment under review is hereby affirmed.
Affirmed.