WALDEN, Judge.
Plaintiffs’ automobile was damaged by-fire in defendant’s garage while being repaired by defendant’s employee. A negligence suit ensued with the court directing a verdict in favor of the defendant at the conclusion of all the evidence. Plaintiffs appeal from the final judgment entered. We reverse.
The rule governing directed verdicts, the application of which will be dispositive of this appeal, is “that if no evidence is introduced upon which the jury may lawfully find a verdict for one party, the jury may be directed to find for the opposite party. Where there is some substantial evidence to support a verdict for one party, a directed verdict for the other party should not be granted merely because a preponderance of the evidence favors the movant. Furthermore, a party who moves for a directed verdict admits not only the facts proved by the evidence adduced, but also admits every conclusion favorable to the adverse party that the jury might fairly and reasonably infer from the evidence. And, when there is room for a difference of opinion between reasonable men as to the existence of evidentiary facts from which an ultimate fact is sought to be established, or when there is room for such difference as to the inferences which might reasonably be drawn from conceded facts, the court should submit the case to the jury for its finding. It is the jury’s conclusion that should prevail in such case, and not the views of the judge.” Budgen v. Brady, Fla. App.1958, 103 So.2d 672. See also Ahearn v. Florida Power and Light Company, Fla.App.1961, 129 So.2d 457.
We glean from the record, in part, that the automobile had earlier received extensive damage in a collision and had been taken to defendant’s garage for repairs. Defendant’s employee undertook to replace the tailpipe. The tailpipe fits tightly into the muffler and this connection was heated by the employee with the flame of an acetylene torch for the purpose of expanding and loosening the joint to permit separation. While engaged in this process, there was a flash accompanied by fire about where the tailpipe and muffler connect, and the fire damages resulted which are the subject of the suit. The joint being heated was located about twelve inches from the gas line and about twenty-four inches from the gas tank. The employee did not make any examination for gas leaks or fire hazards. lie opined with reference to the fire, “It could have been a damaged gas line and the fumes from the gas line running could have ignited it.” He also said, “The gas fumes was probably burning to start with. That is what started the fire off. That is what I think did.” He also answered, “Yes sir,” to this question, “Mr. King, I believe you stated it is your opinion that gas fumes caught on fire and started to flare up, is that right?” The employee first tried to smother the fire with some old cloths and then he obtained a fire extinguisher.
The court stated in ruling on the motion for directed verdict, “I find as a matter of law that the occurrence was caused by accident or misfortune over which the defendant had no control * * *. It is one of those things * *
Applying the mentioned rule, we find sufficient evidence and proper inferences from the record to withstand the thrust of a motion for directed verdict and to entitle the plaintiffs to have the case submitted to the jury for decision. Without attempting to explore all the facts and combinations of them that might go to make a sufficient predicate for a jury submission, we believe that the jury could very well have found that the employee was guilty of negligence which proximately caused the fire and damages. For instance, the jury could have found that the employee departed from the standard of what a reasonable man would or wouldn’t have done under the circumstances by placing the flame of an acetylene torch in close proximity to a gas line and tank in a car that had been in a recent collision without first checking for gas fumes *501 and leaks and by failing to have someone on standby with a fire extinguisher during the critical application of heat. It could have found from the facts and circumstances that the torch ignited fumes from a gas leak, the flammability of gasoline being a matter of common knowledge, and that same could have been prevented by the exercise of ordinary care.
Reversed.
SMITH, C. J, and ANDREWS, J., concur.