187 So.2d 93 (1966)
Esta PAIKIN, Appellant,
v.
BEACH CABS, INC., a Florida Corporation, Appellee.
No. 65-781.
District Court of Appeal of Florida. Third District.
May 24, 1966.
Rehearing Denied June 23, 1966.
High, Stack & Davis, Miami, for appellant.
Kastenbaum, Mamber, Gopman, Epstein & Miles, Miami Beach, for appellee.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
CARROLL, Judge.
The appellant Esta Paikin filed an action in the circuit court of Dade County against the owner of a taxi cab, seeking damages for personal injuries received by her in a pedestrian-automobile collision, alleging *94 negligence of the driver. The cause was tried before a jury.
Upon failure of the jury to agree the court declared a mistrial. Thereafter on a renewed motion of the defendant the trial court granted a directed verdict for the defendant and entered judgment thereon,[1] from which the plaintiff has prosecuted this appeal.
The case was submitted to the jury on charges covering negligence, contributory negligence and the doctrine of last clear chance. In granting the defendant's post-trial motion for directed verdict the trial court proceeded on the theory that a charge on last clear chance should not have been given. In so holding the trial court was in error, and we reverse.
The established rule applicable to the consideration of such a motion in the trial court is that the court should not direct a verdict for the defendant unless it is clear that there is no evidence whatever adduced that could in law support a verdict for plaintiff. Section 54.17, Fla. Stat., F.S.A. Johnson v. Louisville & N.R. Co., 59 Fla. 305, 52 So. 195, 196; Bryan v. Loftin, Fla., 51 So.2d 724, 725; Mullis v. City of Miami, Fla., 60 So.2d 174, 176; Chambers v. Loftin, Fla. 1953, 67 So.2d 220, 221; Cadore v. Karp, Fla., 91 So.2d 806; Ramsey v. Ivey, Fla.App. 1966, 184 So.2d 499, 500.
In Johnson v. Louisville & N.R. Co., supra, after stating the rule as above, the Supreme Court added: "If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, the case should be submitted to the jury for their finding of fact on the evidence, and not taken from them and passed upon by the court as a question of law. (Citing cases) The court should not direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the other party can be sustained."
In Chambers v. Loftin, supra, the Supreme Court said:
"The rule laid down by the federal decisions is not so far different from the rule that prevails in our own jurisdiction. For, as stated in the decisions of this Court, a verdict should not be directed in favor of the defendant unless `it is clear that there is no evidence whatever adduced that could in law support a verdict for plaintiff.' Section 54.17, Florida Statutes 1951, F.S.A. Johnson v. L[ouisville] & N.R. Co., 59 Fla. 305, 52 So. 195, 196; Bryan v. Loftin, Fla., 51 So.2d 724; Mullis v. City of Miami, Fla., 60 So.2d 174. In arriving at a determination whether to grant or deny a directed verdict for the defendant the trial court should interpret the evidence in favor of the plaintiff, giving him the benefit of all intendments and reasonable inferences and deductions. Hardware Mutual Casualty Company v. Tampa Electric Co., Fla., 60 So.2d 179, [40 A.L.R.2d 1293]."
The rule relating to consideration by an appellate court on review of an order granting such a motion for directed verdict, was stated by the Supreme Court in Rodi v. Florida Greyhound Lines, Fla. 1953, 62 So.2d 355, 356, as follows:
"In determining such question, this court is required to consider the testimony adduced in the cause in the light most favorable to the plaintiff. Conflicts will be disregarded, and every reasonable intendment deducible from the evidence must be indulged in plaintiff's favor."
In this connection see also Hardware Mutual Casualty Co. v. Tampa Electric Co., Fla., 60 So.2d 179, 40 A.L.R.2d 1293; Brightwell v. Beem, Fla., 90 So.2d 320, 322; Guhman v. Florida Power & Light Company, Fla.App. 1962, 139 So.2d 749, 750.
*95 The facts of this case, viewed in the light favorable to the party moved against in accordance with the latter rule, may be summarized as follows: The plaintiff was an employee in a dress shop in the Fontainebleau Hotel located on Collins Avenue in Miami Beach. In performance of an errand for her employer she proceeded to cross Collins Avenue in front of the hotel, intending to board a bus going south. The avenue runs north and south, and she entered it from the east at a point approximately 100 feet south of a crosswalk. On the side of the avenue reserved for northbound traffic there were three lanes for traffic in addition to a parking lane. The collision occurred in the second traffic lane.
A short time earlier there had been an accident which left two automobiles partially obstructing the first and second (center) northbound traffic lanes, 60 feet south of the point where plaintiff entered the avenue. The taxi cab was proceeding north, taking a passenger to a hotel located approximately 300 feet to the north, on the east side of the avenue. The driver testified that after he passed the obstruction, driving at a speed of 15 to 20 miles per hour, he did not see the plaintiff until within one or two feet of her. The plaintiff testified that before entering the first traffic lane she stopped and looked to her left; that she saw the stalled cars in the street but saw no approaching traffic; that she stopped and looked again when about at the line dividing the first and second traffic lanes and saw no cars approaching; that she then proceeded, centering her attention on the island in the middle of the avenue and on southbound traffic on the other side. When the collision occurred the plaintiff pedestrian had traversed the parking lane, the first northbound traffic lane and most of the center traffic lane, walking "faster than usual." The collision with the taxi cab threw her approximately 25 feet to the north and a few feet easterly.
The taxi cab driver testified that only the first traffic lane was blocked by the collision which had occurred south of the place where the pedestrian crossed, and that he proceeded at all times in the second traffic lane, being the one in which the collision with the pedestrian ultimately took place. The police officer in attendance testified that the first two traffic lanes were tied up, which would have required the taxi cab driver to pass the obstruction in the third lane, nearest the center of the avenue. For the purposes of this case it is immaterial which of those statements is accepted. In either event, the jury could conclude that when the taxi cab driver passed the obstruction the plaintiff was in the street, that there was nothing to prevent him from seeing her; and that the proximate cause of plaintiff's injuries, notwithstanding contributory negligence if any on her part, was failure of the taxi cab driver to maintain a proper look-out and exercise reasonable care to avoid collision with the pedestrian after the latter started into the center lane and was no longer looking to her left. However, the jury would be entitled to find from the evidence that the taxi cab driver approached the obstruction driving in the center lane, changed to the third lane to pass the obstruction, and thereafter, without maintaining a proper look-out, left the third lane in which the collision would not have occurred and, consistent with a need to reach the east curb within 300 feet, moved easterly into the center lane as it was being approached and occupied by the pedestrian.
We hold, therefore, that on the facts of this case as the jury was entitled to find them from the evidence the doctrine of last clear chance would be applicable, and the trial court was correct in charging the jury on the doctrine at the trial. Lindsay v. Thomas, 128 Fla. 293, 174 So. 418; Williams v. Sauls, 151 Fla. 270, 9 So.2d 369; Nelson v. Ziegler, Fla. 1956, 89 So.2d 780; Radtke v. Loud, Fla.App. 1957, 98 So.2d 891, *96 894; James v. Keene, Fla. 1961, 133 So.2d 297.
Accordingly, the judgment appealed from is reversed and the cause is remanded for new trial.
NOTES
[1] See rule 2.7(b), Fla.R.C.P., 31 F.S.A.