HOBSON, Chief Judge.
This appeal involves a suit arising from a vehicular collision between appellant Joseph Lopez’ automobile and a semi-tractor (without trailer) driven by defendant Buck. Several other individuals, all of whom were passengers in the Lopez automobile at the time of the accident, were also parties plaintiff but are not parties to this appeal. At the outset of the trial defendant Buck admitted his own negligence, thereby limiting the issues to be tried to Joseph Lopez’ contributory negligence and the plaintiffs’ compensable damages, if any. At the close of all the evidence, Lopez unsuccessfully moved for a directed verdict on the issue of contributory negligence and the jury subsequently returned a verdict in favor of defendant Buck on the question of his liability to Lopez. Appellant’s ensuing motion for a new trial was denied and this appeal followed. We agree with appellant’s contention that his motion for a directed verdict was improperly denied.
Lopez and Buck were both traveling north on a four-lane street in Tampa at the time of the collision. All the testimony adduced at trial indicated that appellant Lopez was in the right (curb) lane when the accident occurred. Lopez testified that he had stopped for a red light and at the instant he released the brake upon the signal change “somebody hit me in the back.” On cross examination appellant stated that he was moving when he was hit. The testimony of the investigating police officer indicated that appellant’s car was damaged on the left front, left side, and left rear, and that although appellant’s car was in the curb lane, it was thirty to forty feet south of the intersection at which appellant testified he was stopped. The officer further testified that the semi-tractor was jutting into the curb lane and that it was damaged in the area of the right, front wheel.
*104 Defendant Buck testified that he was proceeding northward in the center lane when he:
" * * * turned my right-hand turn signal on, back in here, and started to get over so I could make a right hand turn and get up in here. * * * In doing so, I looked in my rear-view mirror, which was oh, I’d say six inches wide and approximately thirteen inches long; * * * I looked in that and there wasn’t a soul. So, I started to ease over back in here and truthfully, I don’t know where Mr. Lopez’ car came from, but I nipped him; let’s put it that way. And when I hit him, I was partially — my front, right front of the tractor was in this lane.”
There was further testimony tending to show that the fender of the semi-tractor had initially struck the front of the Lopez vehicle and that the damage to the Lopez vehicle had occurred in a sideswipe fashion, progressing from front to rear. This, of course, contradicted Lopez’ testimony that he was struck from the rear.
In denying appellant’s motion for a directed verdict, the trial court judge was apparently of the opinion that the conflicting versions as to which part of the Lopez vehicle was initially struck created a fact question, pertinent to the issue of contributory negligence, which was for the jury. Although disputed issues of fact are to be resolved by the jury, there is no need for its deliberation when the facts in question have no bearing upon the issue of liability or damages. Appellant’s testimony that he was in the right-hand lane prior to and at the time of the accident is unrebutted and cannot be seriously questioned. Whether defendant cut in front of appellant’s vehicle, turned into its side, or hit it from the rear is not controlling on the issue of contributory negligence in this case. Plaintiff demonstrated that he was proceeding in a normal direction, within normal speed, in his lane of traffic. No evidence was presented by either party indicating any negligence on appellant’s part. Cf. Sheehan v. Allred, 146 So.2d 760 (Fla.App.1962).
The order denying appellant’s motion for a directed verdict is reversed and the case is remanded with instructions that a verdict on the issue of liability be entered in favor of appellant and that he be granted a new trial on the issue of damages.
Reversed and remanded.
LILES and McNULTY, JJ., concur.