WALDEN, Judge.
A Volkswagen and a horse collided upon a public road. The automobile was damaged, the horse was killed, and the automobile driver and two horseback riders were injured. Multiple negligence claims resulted. We, though, are only concerned with the claims for personal injuries brought by the Volkswagen driver, James M. Court, against the “passenger” on the horse, Mer-ita K. Smiley, a minor, and vice versa.
More exactly, Court sued Smiley charging negligence. Smiley answered by way of denial and the affirmative defense of contributory negligence. These issues were submitted to the jury and resulted in a judgment in favor of Court in the sum of $100,000.
Smiley had at the same time and in the same suit counterclaimed against Court charging negligence on his part. Court answered by way of denial and the affirmative defense of contributory negligence. As to these issues, the trial court directed a verdict in favor of Court and against Smiley during the course of the same jury trial and entered judgment accordingly.
Smiley appeals both results. We reverse and remand for a new trial as to the issues contained in both Court’s complaint and Smiley’s counterclaim.
At the outset it is apparent that the trial court committed reversible error by reason of legally inconsistent rulings as concerns Court’s complaint and Smiley’s counterclaim.
Obviously, if both parties were free from negligence or if both were guilty of negligence, neither could recover from the other either on the complaint or the counterclaim. The jury’s verdict can only be *645 justified by a finding that Smiley was guilty and Court not guilty of negligence. As concerns Court’s complaint, both of the issues were deemed by the court to be questions for the jury. But on Smiley’s counterclaim, the self same issues were deemed to be questions of law for the court and so decided via directed verdict. While the precise ruling isn’t clear, the court necessarily decided as a matter of law in Smiley’s counterclaim that either Smiley was guilty of contributory negligence or that Court was free from negligence, or that both situations obtained. Thus, the ruling upon the issues in the counterclaim should have been identical to those rulings upon the issues in the complaint. If the negligence of the parties vel non could be disposed of as a matter of law in the counterclaim, they should receive identical disposition as concerns the complaint. If the questions of the parties’ negligence vel non were properly questions for the jury, then the court should not have directed a verdict as concerns the counterclaim. In sum, the rulings must be consistent as between the same issues and proofs. Where the rulings are inconsistent one must of necessity be “wrong.” And if the ruling on the counterclaim was erroneous, it could have a chilling effect upon the jury’s consideration of the complaint.
Going now to the record, we shall not undertake to recreate all the facts, circumstances and inferences adduced during the complicated trial. We shall touch from a proper appellate posture the critical highlights that go to form the basis for our decision.
Smiley, an eleven year old girl, and her thirteen year old friend, Joann, went for a horse back ride on Joann’s horse. The horse was gentle and there had been no previous difficulty in controlling it. The girls were astride with Joann in the saddle in front and in control of the reins. Smiley was seated behind Joann. There is no testimony that Smiley had knowledge of any dangerous or unusual propensities on the part of the horse. As the horse left Smiley’s house about 700 feet from the roadway in question and the ultimate scene of the collision, Smiley made a clicking sound and the horse started to trot and then to gallop. The girls testified they were trying to stop the horse. A neighbor, who was standing 10 feet behind her house which was 75 feet from the road and 50 feet from the path traveled by the horse and whose vision of the accident scene was obscured, testified that she heard the girls laughing and talking, did not see the girls pulling the reins and heard Joann say, “he’s going fast now.”
Another neighbor postured two houses away from the Smiley driveway traveled by the girls testified that- the girls were laughing and talking and later opined that the horse was a runaway.
From the colloquy, it appears that the trial court deemed the act of “clicking” to be sufficient evidence of Smiley’s negligence in order to submit that issue to the jury.
Court was operating his vehicle along the roadway. There was a sign, passed by him shortly before, cautioning motorists about children on the road and setting the speed limit at 25 M.P.H. It was not certain as to whether the car hit the horse, or vice versa. The top of the vehicle was crushed, but the hood was undamaged. Court did not testify because of his injuries. There were no eye-witnesses who testified except, of course, Smiley and Joann. There was no evidence as to point of impact and the investigating officer found no evidence of skid marks. However, a neighbor said there was a skid mark one yard in length.
In view of the impact causing severe damage to the vehicle, the death of the horse, and the extensive injuries to humans, we believe that there is inference and room for a jury to find Court guilty of negligence causing or contributing to proximately cause the collision. They could very well believe, in light of the *646 speed limit and cautioning sign, that he was exceeding the speed limit, going faster than the circumstances warranted, or being inattentive as otherwise he could have been aware from his field of vision of the horse and children, and either stopped or avoided the collision by use of his brakes or evasive actions. Thus, we believe Court’s negligence was a jury question. Florida East Coast Ry. Co. v. Hayes, Fla.1914, 66 Fla. 589, 64 So. 274; Moore v. Dietrich, 1938, 133 Fla. 809, 183 So. 2; Brightwell v. Beem, Fla.1956, 90 So.2d 320; Martin v. Rivera, Fla.App.1958, 99 So.2d 617; Rio Seco v. Alfred Meyers Trucking, Inc., Fla.App.1968, 208 So.2d 265.
The negligence of Smiley is a more difficult question and borderline question.
To maintain an action for negligence three elements are required: (1) existence of a duty on the part of the defendant to protect the plaintiff from the injury or damage from which he complains; (2) failure of defendant to perform that duty; and (3) injury or damage to the plaintiff arising from such failure. When these elements are brought together they constitute actionable negligence. Absence of, or failure to prove, any one of them is fatal to recovery. 23 Fla.Jur., Negligence, § 9; Peeler v. Independent Life and Accident Ins. Co., Fla.App.1967, 206 So.2d 34; Simon v. Tampa Electric Company, Fla.App. 1967, 202 So.2d 209.
From our glean of the record and its inferences most favorable to Court, it appears that Smiley as passenger put the horse in motion over 500 feet from the roadway — that thereafter the horse began to run toward the road and ultimate point of collision — that the two girls were laughing and talking and apparently unconcerned — that neither tried to stop or slow the horse and that Joann told Smiley to stop making the horse run.
We are satisfied from the record that the evidence of Smiley’s negligence is insufficient to support the verdict, Florida East Coast Ry. Co. v. Hayes, supra; Stark v. Holtzclaw, 1925, 90 Fla. 207, 105 So. 330, 41 A.L.R. 1323; Schatz v. 7-Eleven, Inc., Fla.App.1961, 128 So.2d 901; Warner v. Florida Jai Alai, Inc., Fla.1970, 235 So. 2d 294; and it is even questionable in our judgment as to whether in the first instance it was sufficient to go to the jury. However, upon review and reflection and since the jury under instruction felt it suf.ficient to ..warrant a verdict, we feel that law and the interests of justice would be best served by a new trial by a new jury as to negligence vel non of the parties on Court’s complaint and Smiley’s counterclaim.
The cause is remanded for proceedings consistent herewith.
Reversed and remanded.
McCAIN and OWEN, JJ., concur.