BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, reported at 239 So.2d 103. Jurisdiction is based on conflict between the deci *7 sion sought to be reviewed and Vanzant v. Davies[1] and Lloyd v. McKenna.[2]
Respondent herein, plaintiff below, sustained injuries as a result of a collision in the City of Tampa between an automobile operated by the plaintiff and a tractor-truck, operated by the defendant, petitioner herein. Plaintiff brought suit in the Circuit Court, Hillsborough County, alleging negligence on the part of the defendant and the defendant answered denying the pertinent allegations of the complaint and alleging that plaintiff was guilty of contributory negligence. At the outset of the trial, defendant admitted his own negligence thereby limiting the issues to be tried to plaintiff’s contributory negligence and the plaintiff’s compensatory damages, if any. At the close of all the evidence, plaintiff moved for a directed verdict on the issue of contributory negligence. The motion was denied and the jury subsequently returned a verdict in favor of the defendant. On appeal, the District Court reversed and remanded, holding that the plaintiff’s motion for a directed verdict on the question of contributory negligence was improperly denied and that plaintiff should be granted a new trial on the issue of damages.
The evidence submitted in the case is summarized by the District Court in its opinion as follows :[3]
“Lopez [plaintiff] and Buck [defendant] were both traveling north on a four-lane street in Tampa at the time of the collision. All the testimony adduced at trial indicated that appellant Lopez was in the right (curb) lane when the accident occurred. Lopez testified that he had stopped for a red light and at the instant he released the brake upon the signal change ‘somebody hit me in the back.’ On cross examination appellant [Lopez] stated that he was moving when he was hit. The testimony of the investigating police officer indicated that appellant’s car was damaged on the left front, left side, and left rear, and that although appellant’s car was in the curb lane, it was thirty to forty feet south of the intersection at which appellant testified he was stopped. The officer further testified that the semi-tractor was jutting into the curb lane and that it was damaged in the area of the right, front wheel.
“Defendant Buck testified that he was proceeding northward in the center lane when he:
‘ * * * turned my right-hand turn signal on, back in here, and started to get over so I could make a right hand turn and get up in here. * * * In doing so, I looked in my rear-view mirror, which was oh, I’d say six inches wide and approximately thirteen inches long; * * * I looked in that and there wasn’t a soul. So, I started to ease over back in here and truthfully, I don’t know where Mr. Lopez’ car came from, but I nipped him; let’s put it that way. And when I hit him, I was partially — my front, right front of the tractor was in this lane.’
“There was further testimony tending to show that the fender of the semi-tractor had initially struck the front of the Lopez vehicle and that the damage to the Lopez vehicle had occurred in a sideswipe fashion, progressing from front to rear. This, of course, contradicted Lopez’ testimony that he was struck from the rear.
“In denying appellant’s motion for a directed verdict, the trial court judge was apparently of the opinion that the conflicting versions as to which part of the Lopez vehicle was initially struck created a fact question, pertinent to the issue of contributory negligence, which was for the jury. Although disputed issues of fact are to be resolved by the jury, *8 there is no need for its deliberation when the facts in question have no bearing upon the issue of liability or damages. Appellant’s testimony that he was in the right-hand lane prior to and at the time of the accident is unrebutted and cannot be seriously questioned. Whether defendant cut in front of appellant’s vehicle, turned into its side, or hit it from the rear is not controlling on the issue of contributory negligence in this case. Plaintiff demonstrated that he was proceeding in a normal direction, within normal speed, in his lane of traffic. No evidence was presented by either party indicating any negligence on appellant’s part." (e. s.)
The italicized portion of the above-quoted opinion of the District Court ignores the inferences reasonably arising from the Court’s own factual recitation of the accident and creates conflict with Van-zant v. Davies and Lloyd v. McKenna, supra.
Vanzant v. Davies states the following rule :[4]
“[U]nder our court system, the jury in an action at law is the trier of the facts and in such capacity resolves the conflicts in the evidence, as well as the conflicting inferences deducible from the same evidence. Neither the trial court nor the appellate court is authorized to substitute its judgment for that of the jury as to questions of fact.” (e. s.)
The case of Lloyd v. McKenna[5] states the rule that in determining the propriety of a ruling on the motion for directed verdict, the non-moving party is entitled to all reasonable inferences from the evidence.
The application of the foregoing well-recognized rules stated in the Vanzant and Lloyd cases, supra, to the facts of the instant case, requires that the jury verdict be upheld. The facts of the instant case, as summarized by the District Court in its opinion, are admittedly conflicting. These facts also give rise to materially conflicting inferences on the question of contributory negligence.
The plaintiff testified that he was stopped at the intersection when he was struck from the rear. The defendant’s description of the accident, the investigating officer’s testimony, and the physical evidence indicated a “side-swipe” type collision some thirty to forty feet back from the intersection.
The reasonable inference which can be drawn from the fact that defendant observed no one behind him in the right lane just prior to changing lanes is that the plaintiff’s vehicle was, in fact, immediately behind the tractor operated by the defendant. After the defendant gave the turn signal and began negotiating the lane change, the plaintiff ignored these warnings, entered the righthand (curbside) northbound lane of Nebraska Avenue in an effort to pass the defendant’s tractor before the lane change was completed, and thereby was contributorily negligent. This was the thrust of the defendant’s contention of negligence on the part of plaintiff. The issue was properly submitted to the jury to be weighed and determined by them in reaching their verdict.
Accordingly, certiorari is granted, the decision of the District Court is quashed and the cause remanded with directions to reinstate the judgment of the trial court.
It is so ordered.
ROBERTS, C. J., and CARLTON, McCAIN and DEKLE, JJ., concur.
ADKINS, J., dissents with opinion.
ERVIN, J., dissents and concurs with ADKINS, J.

. 215 So.2d 504 (Fla.App.1st 1968).

. 179 So.2d 583 (Fla.App.3rd 1965).

. Lopez v. Buck, 239 So.2d 103 (Fla.App.1970).

. 215 So.2d 504, 505 (Fla.App.1st 1968).

. 179 So.2d 583 (Fla.App.3rd 1965).