ADKINS, Justice (dissenting) :
In my opinion the writ of certiorari should be discharged as having been improvidently issued.
*9 The cases relied upon for conflict jurisdiction, Vanzant v. Davies, 215 So.2d 504 (Fla.App.1st, 1968), and Lloyd v. McKenna, 179 So.2d 583 (Fla.App.3rd, 1965), are easily distinguished upon the facts from the case sub judice.
The opinion of the District Court of Appeal in the case sub judice does no violence to the principle of law that the jury resolves conflicts in the evidence, as well as the conflicting inferences deducible from the same evidence. There is no conflict of authority between the decisions.
The argument of petitioner, as well as the majority opinion, are primarily upon the merits of the case sub judice as opposed to any contention that the decision of the District Court of Appeal brings into existence a conflict of authority in this jurisdiction. Our concern should be with the decision of the District Court of Appeal as precedent as opposed to an adjudication of the rights of the particular litigants.
As stated in Ansin v. Thurston, 101 So.2d 808 (Fla.1958):
“It was never intended that the district courts of appeal should be intermediate courts. The revision and modernization of the Florida judicial system at the appellate level was prompted by the great volume of cases reaching the Supreme Court and the consequent delay in the administration of justice. The new article embodies throughout its terms the idea of a Supreme Court which functions as a supervisory body in the judicial system for the State, exercising appellate power in certain specified areas essential to the settlement of issues of public importance and the preservation of uniformity of principle and practice, with review by the district courts in most instances being final and absolute.
“To fail to recognize that these are courts primarily of final appellate jurisdiction and to allow such courts to become intermediate courts of appeal would result in a condition far more detrimental to the general welfare and the speedy and efficient administration of justice than that which the system was designed to remedy.

“[T]here should be developed consistent rules for limiting issuance of the writ of certiorari to ‘cases involving principles the settlement of which is of importance to the public, as distinguished from that of the parties, and in cases where there is a real and embarrassing conflict of opinion and authority’ between decisions. * * * A limitation of review to decisions in ‘direct conflict’ clearly evinces a concern with decisions as precedents as opposed to adjudications of the rights of particular litigants.
“Similar provisions in the court systems of other states have been so construed : ‘A conflict of decisions * * * must be on a question of law involved and determined, and such that one decision would overrule the other if both were rendered by the same court; in other words, the decisions must be based practically on the same state of facts and announce antagonistic conclusions.’ 21 C.J.S. Courts § 462.” (p. 719)
As to the merits, it appears from the opinion that conflicts in the evidence, and the inferences therefrom, have no material bearing upon the issue of liability or damages. In such an instance, the District Court of Appeal correctly held that disputed issues of fact in an action at law need not be resolved by the jury when they relate to immaterial matters.
ERVIN, J., concurs.