PER CURIAM.
Appellant filed an action for personal injuries received when she fell in a restaurant of the defendant-appellee. The case was tried on issues of negligence and contributory negligence. The defendant moved for directed verdict at the close of the evidence. The court reserved ruling and the case went to the jury, which returned a verdict for the plaintiff. Thereafter the court granted defendant’s deferred motion for directed verdict, and entered judgment for defendant. The plaintiff appealed.
The rule controlling the trial court’s consideration of the defendant’s motion for directed verdict, that the motion should not be granted unless it is clear that there is no evidence whatever adduced that could in law support a verdict of the plaintiff,[1] is applicable upon consideration by the court, after verdict, of a deferred motion for directed verdict, where ruling on a motion therefor made prior to verdict has been reserved and the jury has rendered a verdict for the plaintiff.[2] Likewise, on reviewing a judgment for the defendant based on such a directed verdict the appellate court is required to observe the settled rule that it should consider the testimony adduced in the cause in the light most favorable to the plaintiff, disregard *637 ing conflicts in the evidence and indulging in plaintiff’s favor every reasonable in-tendment deducible from the evidence.[3]
Upon so considering the evidence presented, we hold that it was proper for the case to be submitted to the jury for determination of the issues involved. Accordingly the judgment is reversed, and the cause is remanded with direction to reinstate the verdict for the plaintiff, and enter judgment thereon.

. Chambers v. Loftin, Fla.1953, 67 So.2d 220, 221; Mullis v. City of Miami, Fla.1952, 60 So.2d 174; Cadore v. Karp, Fla.1957, 91 So.2d 806; Paikin v. Beach Cabs, Inc., Fla. App.1966, 187 So.2d 93, 94; Guerriero v. Adams, Fla.App.1966, 190 So.2d 432.

. Whitman v. Red Top Sedan Services, Inc., FIa.App.1969, 218 So.2d 213, 215.

. Rodi v. Florida Greyhound Lines, Fla.1953, 62 So.2d 355, 356; Hardware Mutual Casualty Co. v. Tampa Electric Co., Fla.1952, 60 So.2d 179, 40 A.L.R.2d 1293; Brightwell v. Beem, Fla.1956, 90 So. 2d 320, 322; Guhman v. Florida Power & Light Company, Fla.App.1962, 139 So.2d 749, 750.