364 So.2d 90 (1978)
Sandra BALART, a Minor, by and through Her Father and Next Friend, Gilberto Balart, and Irene Balart, Her Parents, Individually, Appellants,
v.
MICHEL's KARTWAY, INC., and All Star Insurance Corp., Appellees.
No. 78-270.
District Court of Appeal of Florida, Third District.
November 14, 1978.
*91 Michael P. Maguire, Coral Gables, for appellants.
Robert M. Sussman, Hialeah, for appellees.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by the plaintiffs below from a judgment for defendants, entered on a directed verdict granted at the close of the presentation of evidence by plaintiffs. We find error, and reverse.
The plaintiff, Sandra Balart, a minor, through her parents, and the parents individually, filed action against Michel's Kartway, Inc., and its insurer, All Star Insurance Corporation, for damages for personal injuries received by Sandra, and for derivative damages sustained by the parents. The plaintiffs alleged that Michel's Kartway, Inc., herein referred to as the defendant, operated a Go-Kart track facility; that on the day in question, Sandra was an invitee participating in riding a go-kart supplied by defendant; that in her operation thereof, the go-kart left the track and ran into a chain-link fence causing injuries to Sandra; that the defendant was negligent by not providing a means of protection to participants whose karts should leave the road or track.
The defendant answered claiming that by losing control of the kart and leaving the paved track, Sandra was guilty of negligence which was the sole proximate cause of her injuries, and alternatively pleaded that if the defendant was negligent, it was entitled to the benefit of the comparative negligence rule.
Applicable on the trial court's consideration of the defendant's motion for directed verdict was the established rule that the motion should not be granted unless it was clear that there was no evidence whatever adduced that could in law support a verdict for the plaintiffs. Chambers v. Loftin, 67 So.2d 220, 221 (Fla. 1953); Cadore v. Karp, 91 So.2d 806 (Fla. 1957); Guerriero v. Adams, 190 So.2d 432 (Fla. 3d DCA 1966); Lehrer v. Fontainebleu Hotel Corp., 285 So.2d 636 (Fla. 3d DCA 1973). On appeal, in considering the propriety of the directed verdict for the defendant this court is required to evaluate the evidence in the light most favorable to the plaintiffs, disregarding conflicts in the evidence and indulging in the plaintiffs' favor every reasonable intendment deducible from the evidence. Rodi v. Florida Greyhound Corp., 62 So.2d 355 (Fla. 1952); Brightwell v. Beem, 90 So.2d 320, 322 (Fla. 1956); Guerriero v. Adams, supra; Seigel v. Mt. Sinai Hospital of Greater Miami, Inc., 250 So.2d 332 (Fla. 3d *92 DCA 1971); Chimeno v. Fontainebleau Corp., 251 So.2d 351 (Fla. 3d DCA 1971).
Because of the doctrine of comparative negligence, the direction of a verdict for defendants at the close of the plaintiffs' case necessarily was predicated upon conclusion by the trial court that the evidence showed either that Sandra was negligent as a matter of law and that her own negligence was the sole proximate cause of her injuries, or that it was established by the evidence as a matter of law, that the defendant was not guilty of any negligence proximately causing or contributing to cause Sandra's injuries.
The owner-operator of such a facility as a place of public amusement is not an insurer of the safety of his patrons, but he must exercise ordinary and reasonable care and prudence to have and maintain the place in a reasonably safe condition for all ordinary, customary and reasonable use to which it may be put by the patrons, and to use ordinary and reasonable care for the safety of his patrons, and may be liable for injury to a patron from breach of his duty. Brightwell v. Beem, supra; Schweikert v. Palm Beach Speedway, 100 So.2d 804 (Fla. 1958); Gordon v. Hotel Seville, 105 So.2d 175 (Fla. 3d DCA 1958); Sparks v. Ober, 192 So.2d 81, 82 (Fla. 3d DCA 1966).
In this case, there was evidence from which the jury reasonably could have found that the defendant-operator of the premises was negligent by breaching its above outlined duty to the injured patron, by not having furnished some reasonable means to protect child patrons such as this ten year old girl, who well may lose control of a kart and leave the track on a turn. The defendant had knowledge that such had occurred, and therefore had reason to anticipate that such would occur from time to time.
We can take judicial notice of the distance per second that such a motor driven vehicle travels when proceeding at a speed of 25 miles per hour, and of the reaction time of a driver. See Rodi v. Florida Greyhound Lines, supra. At its speed of 25 miles per hour, the kart would travel approximately 37 feet per second, and the reaction time of an able adult driver is generally two-thirds to three-fourths of a second, and for an inexperienced child driver it would be reasonable to assume the reaction time would be longer. When Sandra "lost control" of the kart on a turn, and left the track headed for the fence, assuming the fence was 30 or 35 feet away at that point, she would strike the fence within one second. Assuming she could have reacted in three-fourths of a second, which would be where she was at a point 27 feet off the track, she would have been within 10 feet of the fence going at 20 or 25 miles per hour, on grass, when she could have attempted to apply such brakes as may have been available.
The track contained a series of curves, and some 90 degree and 180 degree turns. The fence which surrounded the track was a chain-link fence, the bottom of which reached to or slightly above the ground. The fence was not anchored to or into the ground, and the bottom edge consisted of unprotected wire ends. From photographs in evidence the fence appeared to be as close as approximately 10 feet from the track at certain places and further distances from the track at other places, and from the evidence it appears to have been 30 to 35 feet from the track at the point where Sandra was injured. When the kart Sandra was driving failed to negotiate a turn it carried her into and under the fence, cutting her face and arms.
Whether the defendant was negligent by failing to make the premises reasonably safe and afford reasonable protection to the kart drivers who could be expected to fail to negotiate a turn and leave the track, as did Sandra in this instance, was a question for the jury. Likewise, whether Sandra, a child 10 years of age, by failing to negotiate a turn and leaving the track in driving such a kart, should be charged with negligence, was a jury question. If both parties should be found to have been guilty of negligence contributing to proximately cause the injuries, the plaintiffs would be entitled to recover, under the doctrine of comparative negligence.
*93 For the reasons stated above, the judgment is reversed and the cause is remanded for a new trial.