416 So.2d 863 (1982)
Rae KAUFMAN, Appellant,
v.
A-1 BUS LINES, INC., a Florida Corporation, Appellee.
No. 81-1619.
District Court of Appeal of Florida, Third District.
July 13, 1982.
Lawrence B. Friedman and Robert B. Miller, North Miami Beach, for appellant.
Carey, Dwyer, Cole, Selwood & Bernard and Michael C. Spring, Miami, for appellee.
*864 Before BARKDULL, SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
Appellant Rae Kaufman challenges an adverse judgment entered following a directed verdict. In her lawsuit, she sought damages for injuries she sustained when she fell from a catwalk while part of a tour group visiting Tom Gaskins' Cypress Knee Museum. Mrs. Kaufman filed a lawsuit against Tom Gaskins (the operator of the museum), A-1 Bus Lines, Lykes Brothers, Inc. (the owner of the museum), and the insurance carrier for Lykes. It was dismissed for failure to state a cause of action. We affirmed the dismissal in Kaufman v. A-1 Bus Lines, Inc., 363 So.2d 61 (Fla. 3d DCA 1978), but ruled that dismissal should not have been with prejudice. In that decision, we held that under the allegations of the complaint A-1 Bus Lines had no duty to inspect or to warn Mrs. Kaufman of a dangerous condition.
On remand, Mrs. Kaufman amended her complaint and alleged that A-1 Bus Lines operated the tour as well as the bus line, made the arrangements, and had actual knowledge of the danger. Subsequently, Mrs. Kaufman sought to add A-1 Tours, alleged to be an alter ego of A-1 Bus Lines, as a party, but her motion was denied. After hearing a proffer of evidence concerning whether the bus driver served as a tour guide, the court directed a verdict in favor of A-1 Bus Lines. This appeal ensued.
We find error in the trial court's rulings. First, whether A-1 Bus Lines assumed a duty commensurate with its undertaking to act as tour guide presents a jury question. If the jury finds that A-1 served in a capacity beyond that of furnishing transportation and acted as a tour guide, liability for negligence may result. An action undertaken for the benefit of another must be performed in accordance with a duty to exercise due care. Fidelity & Casualty Co. of New York v. L.F.E. Corp., 382 So.2d 363 (Fla. 2d DCA 1980); accord Padgett v. School Board of Escambia County, 395 So.2d 584 (Fla. 1st DCA 1981); see Banfield v. Addington, 104 Fla. 661, 140 So. 893 (1932); Restatement, Torts 2d §§ 323, 324A (1965).
A motion for directed verdict should not be granted unless there is no evidence upon which the jury could lawfully find a verdict for the plaintiff. Myers v. Atlantic Coast R.R., 112 So.2d 263 (Fla. 1959); Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla. 3d DCA 1979); Jones v. City of Hialeah, 368 So.2d 398 (Fla. 3d DCA 1979); Balart v. Michel's Kartway, Inc., 364 So.2d 90 (Fla. 3d DCA 1978); Fla.R.Civ.P. 1.480. Sufficient evidence appears in the record and in the proffer to require submission to the jury.
Next, we find error in the court's refusal to permit appellant to amend her complaint. The presence of A-1 Tours was proper to a complete determination of the cause. Garner v. Ward, 251 So.2d 252 (Fla. 1971); Fla.R.Civ.P. 1.210(a); see Jefferson Realty of Fort Lauderdale, Inc. v. United States Rubber Co., 222 So.2d 738 (Fla. 1969); Fla.R.Civ.P. 1.190(a), (e), 1.250(c).
For these reasons, we reverse the judgment and remand for further proceedings consistent with this opinion.