PER CURIAM.
The plaintiff, Rafael Salam, appeals from a directed verdict entered in favor of the defendant, Jose Benmelech. We reverse and remand for a new trial.
Benmelech and his brother own numerous companies with offices in Venezuela and Miami, dealing primarily in computer sales. Salam managed one of the companies in Venezuela from 1986 until May 25, 1989, when he resigned. Benmelech executed a check dated May 30, 1989, made payable to Salam in the amount of $100,-000.00. The check was from the account of Galaxia Systems Investments, Inc., one of Benmelech’s companies. The check was dishonored due to insufficient funds..
Jose Benmelech then executed a second check dated June 14,1989, made payable to Salam in the amount of $100,000.00. This check was from the personal joint account of Benmelech and his wife Dory. Salam deposited the second check on June 19, 1989, and it was also dishonored due to insufficient funds.
Salam testified that the checks were given to him as a bonus pursuant to an oral employment contract with Benmelech, while Benmelech claimed that both checks were merely part of a transaction with an unknown third party. Salam sued Benme-lech for the amount of the check plus interest at the rate of twelve percent (12%) from June 1989. The trial court entered a directed verdict in favor of Benmelech.
Salam appeals contending that the trial court improperly entered a directed verdict in favor of Benmelech where there was sufficient evidence presented to raise an issue as to whether the statute of frauds applies to this case. We agree.
A motion for a directed verdict is proper only when there is no evidence upon which the jury could lawfully find a verdict for the non-moving party. Smith v. Burdine’s, Inc., 144 Fla. 500, 198 So. 223 (1940); Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940 (Fla. 3d DCA), review denied, 511 So.2d 299 (Fla.1987); Alvarez v. Dade County School Bd., 482 So.2d 542 (Fla. 3d DCA 1986); R.A. Jones & Sons, Inc. v. Holman, 470 So.2d 60 (Fla. 3d DCA 1985), review dismissed, 482 So.2d 348 (Fla.1986); Kaufman v. A-1 Bus Lines, Inc., 416 So.2d 863 (Fla. 3d DCA 1982).
In the instant case, both sides presented conflicting testimony as to what actually occurred. However, there is substantial evidence from which the jury could find that Salam performed under his oral employment contract, and by so doing, removed the contract from the statute of frauds. See Av-Med, Inc. v. French, 458 So.2d 67 (Fla. 3d DCA 1984). Therefore, the issues “should be submitted to the jury as questions of fact and not be taken away to be passed upon by the judge as questions of law.” Brown v. Sims, 538 So.2d 901, 904 (Fla. 3d DCA 1989), quashed, in *1010 part, on other grounds, 574 So.2d 131 (Fla.1991). For these reasons we find that the trial court erred in directing a verdict in favor of Benmelech. Accordingly, we reverse and remand for new trial to resolve the factual issues.
Reversed and remanded for a new trial.