Elaine SACHS and Stanley
Sachs, Plaintiffs,

v.

TWA GETAWAY VACATIONS,
INC., Defendant.

No. 98–1777–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 16, 2000.

Martin Ira Berger, Rubin Hay & Gould, Framingham, MA, for plaintiff.

Edward S. Polk, Miami, FL, for defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (DE# 4). Response and Reply have been filed.

Upon consideration of the Motion, the Responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## BACKGROUND

Plaintiffs Elaine Sachs and Stanley Sachs filed the instant action against Defendant TWA Getaway Vacations, Inc.,[1] alleging negligence and loss of consortium. In response to Plaintiffs' Complaint, Defendant filed the subject Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. The relevant facts are as follows. Unless otherwise noted, the facts are undisputed.

Defendant TWA Getaways, Inc. is a Missouri-based tour operator which arranges package tours for individuals to

---

1. Plaintiffs filed an Amended Complaint (DE # 10), replacing Defendant Trans World Airlines, Inc. with Defendant TWA Getaway Vacations, Inc.

destinations throughout the United States, Europe, and Africa.[2] Plaintiffs allege that they participated in Defendant's "Best of Egypt" Tour.[3] The land-based portion of the "Best of Egypt" tour included airport transfers, motorcoach transportation to and from various sites in Egypt, hotel accommodations, meals and other amenities.[4]

Plaintiffs allege that on the sixth day of the tour, they took a bus trip to the Valley of the Kings in Egypt.[5] Plaintiffs aver that Defendant failed to provide a step stool or other form of assistance to aid shorter passengers attempting to disembark from the bus.[6] Plaintiffs further contend that Plaintiff Elaine Sachs suffered injuries to her shoulder upon disembarkation from the bus, when she was forced to hold tightly to the hand rail of the bus steps to avoid falling to the ground.[7]

Plaintiffs purchased the tour package through their travel agent, Travel Etcetera, located in Fort Lauderdale, Florida.[8] Defendant asserts that it provides travel agents with a brochure which describes in detail the various tour packages offered and sets forth the terms and conditions governing the trips.[9] The terms and conditions, in part, state as follows:

> This agreement contains the terms and conditions by which TWA Getaway Vacations, Inc., in consideration for participant's payment, agrees to provide these travel arrangements. Read this agreement carefully before sending any money!
>
> •
>
> •
>
> •
>
> RESPONSIBILITY
>
> TWA Getaway Vacations, Inc., as a tour operator, acts only as agent. All travel arrangements included in this trip are made on participant's behalf upon ex-

> press condition that neither TWA Getaway Vacations, Inc., nor its agents shall be liable or responsible in the absence of its (or their) negligence for any direct, indirect, consequential, or irregularity of any kind which may be occasioned by reason of any act or omission of any person or entity, including without limitation, any act of negligence or breach of contract of any third party such as an airline, train, motorcoach, private car, cruise vessel, boat, or any other conveyance, hotel, sightseeing provider, local ground handler, etc., which is to or does supply any goods or services for this trip. Passenger understands that TWA Getaway Vacations neither owns nor operates such third party suppliers and accordingly agrees to seek remedies directly and only with those suppliers and not hold TWA Getaway Vacations responsible for their acts of omission or commission. Without limiting the foregoing, TWA Getaway Vacations and its agents are not responsible for any losses or expenses due to . . . default of any third parties . . . or for any other cause beyond its control. All such losses or expenses have to be borne and paid for by the participant.
>
> •
>
> •
>
> •
>
> FORUM SELECTION
>
> Any litigation concerning the trip may be brought only within the state of Missouri and nowhere else, and Missouri law will be applicable to any and all such litigation.[10]

Defendant contracted with Abercrombie & Kent Overseas Ltd. ("Abercrombie & Kent") and its wholly-owned subsidiary

---

**2.** *See* Affidavit of Richard G. McBee ("McBee Aff."), at ¶ 5.

**3.** *See* Plaintiffs' Amended Complaint, at ¶ 5.

**4.** *See* McBee Aff., at ¶ 7.

**5.** *See* Plaintiffs' Amended Complaint, at ¶ 6.

**6.** *See* Plaintiffs' Amended Complaint, at ¶ 9.

**7.** *See* Plaintiffs' Amended Complaint, at ¶ 10.

**8.** *See* McBee Aff., at ¶ 8.

**9.** *See* McBee Aff., at ¶ 9.

**10.** Defendant's Exhibit "A," at pp. 62–63.

Destination Egypt, Inc. ("Destination Egypt") to provide the ground-handling services for its tour packages in Egypt and Jordan.[11] Defendant contends that it entered into this agreement based upon Abercrombie & Kent and Destination Egypt's reputation in travel industry.[12] Pursuant to Defendant's agreement with Abercrombie & Kent, Destination Egypt bore the responsibility of making all ground transportation arrangements for the Egyptian tours.[13] Defendant submits that it does not own, operate, manage or control Abercrombie & Kent or Destination Egypt.[14]

Defendant filed the instant Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on the grounds that (1) the forum selection clause in Defendant's tour brochure requires dismissal of Plaintiffs' claims, (2) the disclaimer of liability for the negligence of third parties in Defendant's tour brochure requires dismissal of Plaintiffs' claims, and (3) as a matter of common law, tour operators are not liable for the alleged negligence of independent suppliers of third-party services, such as ground transportation providers.

## DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[15]

Summary judgment may be entered only where there is *no* genuine issue of material fact.[16] The moving party has the burden of meeting this exacting standard.[17] In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion.[18]

However, the non-moving party

[m]ay not rest upon the mere allegations and denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.[19]

"The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."[20] The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts."[21] In fact,

the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[22]

The failure of proof concerning an essential element of the non-moving party's case

11. *See* McBee Aff., at ¶ 11.

12. *See* McBee Aff., at ¶ 15.

13. See McBee Aff., at ¶ 12.

14. *See* McBee Aff., at ¶ 14.

15. Fed.R.Civ.P. 56(c).

16. *See Twiss v. Kury,* 25 F.3d 1551 (11th Cir.1994).

17. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

18. *See id.* at 157, 90 S.Ct. 1598.

19. Fed.R.Civ.P. 56(e).

20. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

21. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

22. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment.[23]

Defendant submits that it is entitled to entry of summary judgment on the grounds that, as a matter of common law, tour operators are not liable for the alleged negligence of independent suppliers of third-party services, such as ground transportation providers. Defendant avers that it cannot be held liable for any negligence on the part of the operators of the motorcoach because Defendant has never owned, operated, managed or controlled the motorcoach on which Plaintiff Elaine Sachs was injured. Further, Defendant maintains that it had no ownership, management or control over either Abercrombie & Kent or Destination Egypt in the selection of a motorcoach provider.

Defendant further asserts that it did not act negligently in selecting Destination Egypt as an independent contractor responsible for the provision of ground-handling services for its "Best of Egypt" tour. Defendant claims that it entered into a contract with Destination Egypt based upon Abercrombie & Kent and Destination Egypt's "reputation in the travel industry as one of the largest and best ground service providers in Egypt." [24]

Further, Defendant argues that nothing has occurred during the time in which Defendant has relied upon Destination Egypt to provide ground-handling services to cause Defendant to call into question the good reputation and strong safety record Defendant uncovered in its pre-agreement investigation. Defendant avers that it has used Destination Egypt to provide ground services to tour participants continuously since January 1, 1994.[25] Defendant asserts that since January 1994, approximately 4,000 individuals have participated in the "Best of Egypt" tour, and that,

during that time period, Defendant has never received any reports that any of the 4,000 tour participants had any problems with boarding or disembarking from of any of the motorcoaches provided by Destination Egypt. Defendant has never received any reports that the steps of the motorcoach were too high off the ground or that any tour director failed to assist any motorcoach passenger in any way.

Plaintiffs contend that summary judgment is inappropriate at this stage of the proceedings for two reasons. First, Plaintiffs argue that, if the Court intends to consider evidence outside of the pleadings and to, in effect, convert Defendant's Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) into a Motion for Summary Judgment under Fed.R.Civ.P. 56, the Court is required to afford all parties notice and the opportunity to present evidence relevant to the Motion. Second, Plaintiffs aver that further discovery is necessary to determine the full extent of the relationship between Defendant and Abercrombie & Kent and Destination Egypt.

■ With respect to Plaintiffs' first argument, the Court finds that Plaintiffs' contention that they were not given appropriate notice that Defendant's Motion may be treated as a Motion for Summary Judgment is without merit. First, Defendant's responsive pleading was captioned "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment." Plaintiffs were placed on notice of the relief sought by Defendant by the title of the Motion that was served upon them. Second, Plaintiffs submitted the affidavit of Elaine Sachs in opposition to Defendant's Motion. On the basis of Plaintiffs' own action in attaching an affidavit to Defendant's Motion, the Court concludes that Plaintiffs had sufficient notice that the motion could be disposed of as one for summary judgment.[26]

---

23. See id.

24. See McBee Aff., at ¶ 15.

25. See McBee Aff., at ¶ 15.

26. See *Hall v. United States Department of Labor*, 1999 WL 815830, at *2 (10th Cir.

Oct.13, 1999) (stating that "[a] party who submits material beyond the pleadings in opposition to a motion to dismiss cannot complain of undue surprise if the district court treats the motion as a summary judgment motion."); *Madewell v. Downs*, 68 F.3d 1030, 1048 (8th Cir.1995) (holding that a district

"The district court, while it clearly has an obligation to notify parties regarding any court-instituted changes in the pending proceedings, does not have an obligation to notify parties of the obvious." [27]

With respect to Plaintiffs' second argument, the Court finds that further discovery in this action would be fruitless.

In cases in which jurisdiction is founded upon diversity of citizenship, a federal court must apply the substantive law of the forum state. [28] Under both Florida and Missouri law, [29] the question of whether a duty is owed by a defendant to a plaintiff is one of law and is to be determined by the court. [30] Plaintiffs can only maintain their claims of negligence and loss of consortium against Defendant if the circumstances upon which the claims are based are those for which the law imposes a duty on Defendant and Defendant is found to have breached that duty.

The Court notes at the outset that "[c]ourts have generally declined to impose liability on travel agents and tour operators for injuries sustained by clients aboard vessels, buses and other modes of transportation or at hotels or other destinations." [31]

Tour operators may be held liable under a theory of negligent selection for failure to use reasonable care in selecting the providers of travel services to participants in their tour packages. [32] Tour operators can fulfill their duty of care to tour participants in the selection of independent suppliers of third-party services by making a general inquiry into the independent contractor's reputation and safety record. [33] In *Wilson v. American Trans Air, Inc.*, 874 F.2d 386 (7th Cir.1989), for example, the plaintiffs commenced a negligence action against a tour operator after they were assaulted at a hotel which provided accommodations for the chartered tour. The court found that the tour operator had met its duty of reasonable care to the plaintiffs when it made an inquiry into the hotel's general reputation in the industry and investigated the hotel's safety record. [34] The court further noted that the tour operator had not previously received any complaints regarding security problems at the hotel. [35]

The facts presented in the instant action indicate that Defendant met its duty of reasonable care to Plaintiffs in selecting Destination Egypt to provide ground-handling services for its "Best of Egypt" tour. Defendant submitted the affidavit of its president, Richard G. McBee, in support of its contention that it did not act negligently in selecting Destination Egypt to provide ground transportation

---

court's failure to give formal notice that it will treat a motion to dismiss under Fed.R.Civ.P. Rule 12(b)(6) as a motion to dismiss is harmless where the non-movant has submitted materials outside of the pleadings in support of its opposition to the motion to dismiss.).

**27.** *Laughlin v. Metropolitan Washington Airports Authority*, 149 F.3d 253, 261 (4th Cir. 1998).

**28.** *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

**29.** Since this action is governed by either Florida or Missouri law, and there is no difference in the relevant law of these states, the Court need not address the question of choice of law.

**30.** *See Scott v. Future Investments of Miami, Inc.*, 559 So.2d 726, 727 (Fla. 4th DCA 1990);

*Fidelity National Title Insurance Co. v. Tri–Lakes Title Co., Inc.*, 968 S.W.2d 727, 731 (Mo.Ct.App.1998).

**31.** *McAleer v. Smith*, 860 F.Supp. 924, 931 (D.R.I.1994); *see Fling v. Hollywood Travel and Tours*, 765 F.Supp. 1302, 1306 (N.D.Ohio 1990) (noting that "[c]ourts have been 'loath to hold tour operators liable for the tortious acts of suppliers which result in injuries to travelers.' "), aff'd, 933 F.2d 1008, 1991 WL 88412 (6th Cir.1991).

**32.** *See Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 390 (7th Cir.1989).

**33.** *See id.*

**34.** *See id.*

**35.** *See id.*

for its tour participants. Mr. McBee attests that prior to entering into a contract with Abercrombie & Kent and Destination Egypt, Defendant investigated Abercrombie & Kent and Destination Egypt's reputation for safety and reliability in the travel industry. Further, Mr. McBee avers that, other than Plaintiff Elaine Sachs' accident, none of the 4,000 "Best of Egypt" tour participants have encountered any problems in disembarking from the motorcoaches supplied by Destination Egypt.

Courts have found that travel agents and tour operators, as agents of their customers, also have a duty to disclose reasonably obtainable information that is relevant to the object of the agency.[36] This duty, however, does not extend to conditions that are obvious and readily observable by a traveler, such as the potential danger of descending the steps of a motorcoach.[37]

Furthermore, the circumstances present in the instant cause do not give rise to any special duty on the part of Defendant to aid or protect Plaintiffs.[38] In short, Defendant's role was merely that of tour operator. Plaintiff Elaine Sachs' injury did not occur on premises under Defendant's control, as Defendant did not own or maintain the motorcoach on which Plaintiff was injured. Defendant was not a common carrier or an innkeeper, nor was its relationship to Plaintiffs one of business invitor/invitee.[39] Finally, as Defendant did not have control over the motorcoach, it did not have custody of Plaintiff under circumstances which deprived her of the opportunity to protect herself.[40]

In the absence of facts indicating that Defendant failed to meet its duty of care in selecting Destination Egypt to provide ground-handling services for its Egyptian tour, or that Defendant was on notice of a particular problem with passengers disembarking from the motorcoaches utilized by Destination Egypt, or that Defendant failed to warn Plaintiffs of a dangerous condition unknown to Plaintiffs but known to Defendant, or that a special relationship existed between Defendant and Plaintiffs giving rise to a duty to protect and aid Plaintiffs, the Court cannot find that any issue of material fact exists as to whether Defendant may be held liable for the alleged negligence of the suppliers of ground-handling services on Defendant's "Best of Egypt" tour.

With respect to Plaintiffs' request to conduct further discovery as to the relationship between Defendant and the suppliers of ground-handling services on the tour, the Court concludes that there are no facts in the record from which a factfinder could infer that Defendant owns, operates, manages or supervises Abercrombie & Kent or Destination Egypt. Plaintiffs have offered no specific facts to contradict Defendant's averment that no common corporate structure exists between Defendant and Abercrombie & Kent and Destination Egypt. "Federal courts evaluating whether to allow discovery for more information about the relationship between tour operators and suppliers of travel services have denied similar requests."[41]

## CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment be, and the same is, hereby GRANTED on the grounds that Defendant, as a tour opera-

**36.** See *Markland v. Travel Travel Southfield, Inc.*, 810 S.W.2d 81, 83 (Mo.App.1991).

**37.** See *id.* at 84. .

**38.** See Restatement (Second) of Torts, § 314A (describing the four special relationships that give rise to a duty to aid or protect another).

**39.** See Restatement (Second) of Torts, § 314A.

**40.** See Restatement (Second) of Torts, § 314A.

**41.** *Catalano v. N.W.A., Inc.*, 1998 WL 777023, at * 4 (D.Minn. Sept.15, 1998) (*citing Passero v. DHC Hotels and Resorts, Inc.*, 981 F.Supp. 742, 744–46 (D.Conn.1996), *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir.1989), *Shannon v. TAESA*, 25 Avi. Cases (CCH) 17, 134, 17, 136 (S.D.Ohio May 10, 1995) (Defendant's Exhibit "G")).

tor, is not liable for the negligent acts of third-party suppliers of services to tour participants.[42]

Accordingly, this case is CLOSED. All pending motions not otherwise ruled upon are hereby DENIED as MOOT.

---

**42.** In light of the Court's ruling, the Court finds it unnecessary to decide whether the forum selection clause and the waiver of responsibility for the negligence of third parties contained in Defendant's tour brochure are valid and enforceable.