# Third District Court of Appeal
## State of Florida

Opinion filed November 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2263
Lower Tribunal No. 21-22216-CA-01
_____

## Universal Property & Casualty Insurance Company,
Appellant,

vs.

## Marie Suffrat,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko Sanchez, Judge.

LINK & ROCKENBACH, PA, and David A. Noel and Kara Rockenbach Link (West Palm Beach), for appellant.

Scott J. Edwards, P.A., and Scott J. Edwards (Boca Raton); Vyacheslav Borshchukov, P.A., and Vyacheslav Borshchukov (Fort Lauderdale), for appellee.

Before GORDO, BOKOR and GOODEN, JJ.

GORDO J.

Universal Property & Casualty Insurance Company ("Universal") appeals a final judgment following a jury verdict in favor of Marie Suffrat ("Suffrat") and the trial court's order denying its motion to set aside the verdict. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We reverse and remand for further proceedings.

## I.

Suffrat is the owner of a residential property that was insured by Universal for the period of February 6, 2017 to February 6, 2018. On September 10, 2017, while the policy was in effect, her property was damaged by Hurricane Irma. Suffrat reported the loss to Universal nearly three years later, on September 2, 2020. Universal denied the claim, citing Suffrat's failure to promptly notify Universal of the loss.[1]

On September 29, 2021, Suffrat filed a declaratory judgment action against Universal. Thereafter, Universal moved to dismiss the action for Suffrat's failure to plead she provided a pre-suit notice of intent to initiate litigation, as required by section 627.70152(3).[2] Suffrat filed a response,

---

[1] The insurance policy explicitly requires the insured to provide prompt notice to Universal or its agent after experiencing a loss.

[2] Three months before Suffrat filed suit, the legislature enacted section 627.70152, Florida Statutes (2021), which included a required pre suit notice of intent to litigate as a condition precedent to filing suit.

arguing the statute could not be applied retroactively to an action founded on a policy issued before the effective date of the statute. Agreeing with her argument, the trial court denied Universal's motion to dismiss.[3]

Universal then filed an answer to the declaratory judgment action and asserted affirmative defenses, alleging that Suffrat's failure to promptly notify Universal of her claim had prejudiced Universal's investigation of the loss. Universal also asserted affirmative defenses based on policy exclusions, including wear and tear and faulty workmanship. The case proceeded to a jury trial on June 26-28, 2023.

At trial, Suffrat testified that during Hurricane Irma, she was informed by her tenant that water was coming into the home because of ceiling damage. Suffrat made repairs to the roof, but did not report the damage until September 2020.

Evidence presented at trial suggested inadequate roof repairs. Suffrat testified she made multiple repairs to the roof because the leaking continued to get worse.[4] This was confirmed by her engineering expert who testified

---

[3] Universal renewed its motion to dismiss prior to trial. The trial court denied that motion.

[4] Suffrat testified she relied on individuals with no construction background to perform the roof repairs.

3

he observed multiple repairs conducted to the roof and ongoing leaks at the property.

Ultimately, Suffrat's engineering expert concluded Hurricane Irma caused the roof damage because no storms before or since could have caused similar damage to the roof shingles. He further provided the damage was not caused by wear and tear because such damage does not rip shingles from the roof but causes them to lose granulation and curl.

Universal presented its own expert and a corporate representative to testify regarding the prejudice to the investigation of the loss. They testified that, due to the passage of time and undocumented repairs, it was difficult to tell what damage, if any, occurred during Hurricane Irma as opposed to wear and tear. Universal also submitted into evidence its letter to Suffrat denying coverage based on her lack of prompt notice and the resulting prejudice.

After Universal rested its case, Suffrat moved for a directed verdict on Universal's late notice defense. Suffrat argued that Universal waived the late notice defense by including alternative policy exclusion affirmative defenses in the same pleading. The trial court granted the motion and struck Universal's right to present its late notice defense to the jury.

The jury returned a verdict in favor of Suffrat. Universal filed a motion to set aside the verdict or, in the alternative, motion for new trial, which the trial court denied. This appeal followed.

## II.

This Court "review[s] de novo a trial court's ruling on a motion to dismiss." Cole v. Universal Prop. & Cas. Ins. Co., 363 So. 3d 1089, 1091 (Fla. 4th DCA 2023). Likewise, "when we undertake review of an order on a motion for directed verdict, we employ a de novo standard of review; importantly, however, we 'must evaluate the evidence in the light most favorable to the non-moving party, drawing every reasonable inference flowing from the evidence in the nonmoving party's favor, and "if there is conflicting evidence or if different reasonable inferences may be drawn from the evidence, then the issue is factual and should be submitted to the jury for resolution."'" Miami Dade Cnty. v. Berastain, 388 So. 3d 886, 888-89 (Fla. 3d DCA 2023) (quoting Miami-Dade Cnty. v. Guyton, 388 So. 3d 50, 52 (Fla. 3d DCA 2023)).

## III.

Universal argues the trial court erred in denying its motion to dismiss based on Suffrat's failure to provide pre-suit notice of intent to initiate

5

litigation, as required by section 627.70152(3), Florida Statutes. We recognize the trial court did not have the benefit of our holding in <u>Cantens</u> at the time of its decision on Universal's motion to dismiss.[5] <u>See</u> <u>Cantens v. Certain Underwriters at Lloyd's London</u>, 388 So. 3d 242, 246 (Fla. 3d DCA 2024) ("[B]ecause the presuit notice requirement of section 627.70152(3), taken in context, is procedural in nature, and applies to all policies, regardless of date of inception, the trial court correctly dismissed the action without prejudice[.]"). Based on our holding in <u>Cantens</u>, we find the trial court erred in denying Universal's motion to dismiss.

## IV.

We also find the trial court erred in granting Suffrat's motion for directed verdict on Universal's late notice defense. Universal asserts it was entitled to plead and have its late notice defense submitted to the jury, which was supported by evidence adduced at trial, and to plead affirmative defenses in the alternative. We agree.

It is well settled that Florida law allows a party to plead multiple defenses in the alternative. <u>See</u> Fla. R. Civ. P. 1.110(g) ("A party may also state as many separate claims or defenses as that party has, regardless of

---

[5] We also note <u>Cantens</u> is being reviewed in the Florida Supreme Court on conflict jurisdiction.

6

consistency and whether based on legal or equitable grounds or both."); Fintak v. Fintak, 120 So. 3d 177, 186 (Fla. 2d DCA 2013) ("A party is permitted to plead in the alternative during litigation, and it follows that a party may also take inconsistent actions in his or her own affairs as a mechanism for 'hedging the bets,' so long as that action does not result in prejudice to another party."); Campbell v. Salman, 384 So. 2d 1331, 1333 (Fla. 3d DCA 1980) ("Florida Rule of Civil Procedure 1.110(g) permits a party to state alternative and inconsistent claims or defenses.").

Here, Universal's initial denial letter was based on Suffrat's failure to provide prompt notice. In its answer, Universal raised untimely notice of the loss as one of multiple affirmative defenses. Because Universal properly raised the late notice defense and Florida law allows parties to plead multiple defenses in the alternative, it was improper for the trial court to strike Universal's late notice defense by granting a directed verdict. See Sec. First Ins. Co. v. Visca, 387 So. 3d 313, 316 (Fla. 4th DCA 2024) ("[A] property insurer [does] not waive an untimely notice defense by denying coverage on other grounds.").

Moreover, there was ample evidence to support the late notice defense, including Suffrat reporting her property loss to Universal almost three years after its occurrence; evidence that Suffrat's repairs were

7

inadequate, causing the roof to continue leaking and worsening the damage; and Universal's expert and corporate representative both testifying that due to the passage of time and undocumented repairs, it was difficult to tell what damage, if any, occurred during Hurricane Irma as opposed to wear and tear and deterioration. Because there was sufficient evidence in the record regarding whether Universal was prejudiced by any delay in receiving notice, the trial court erred in granting Suffrat's motion for directed verdict on Universal's late notice defense. See Salam v. Benmelech, 590 So. 2d 1008, 1009 (Fla. 3d DCA 1991) ("A motion for a directed verdict is proper only when there is no evidence upon which the jury could lawfully find a verdict for the non-moving party."); City of Hialeah v. Rehm, 455 So. 2d 458, 460 (Fla. 3d DCA 1984) ("Where there is any evidence upon which a jury could lawfully find for the movant's adversary, a verdict should not be directed."); Hunzinger Constr. Corp. v. Quarles & Brady Gen. P'ship, 735 So. 2d 589, 597 (Fla. 4th DCA 1999) ("A directed verdict should only be granted where there is no evidence upon which a jury could properly rely for finding for the nonmoving party.").

We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.